### RUSSELL et al. v. RUSSELL.

(Circuit Court of Appeals, Third Circuit. February 1, 1905.)

#### No. 32.

RES JUDICATA—MATTERS CONCLUDED BY DECREE—EFFECT OF AFFIRMANCE ON OTHER GROUNDS.

A question expressly determined by a court of equity, whose decree is affirmed on appeal, is res judicata between the parties, although such question was not considered by the appellate court, whose affirmance was based on other grounds.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1026, 1156.]

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 129 Fed. 434.

Walter H. Bacon and Robert H. McCarter, for appellants.

John H. Hazleton, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The conclusion we have reached upon the question raised by the seventh specification of error is determinative, and no other will be considered. The Circuit Court adjudged that a certain indenture of antenuptial agreement, dated November 22, 1892, between John Russell of the first part, Herschell Mulford of the second part, and Lottie R. Brown of the third part, was "void and of no effect," and ordered "that the same be delivered up to be canceled."

In a case in which the parties were the same as in this one, and in which the same relief was prayed, the Court of Chancery of New Jersey had previously entered a final decree (47 Atl. 37) dismissing the bill, and the learned judge below was of opinion that if that decree had not been appealed from it would have precluded the complainant from maintaining this suit. He said:

"The vice chancellor, * * * taking the evidence of the agreement as a matter of independent and alternative relief, passed upon it, and decided adversely to the complainant's rights. If, then, the case stood on his rulings, she would be unquestionably concluded by them."

Thus far he was clearly right. He added, however:

"But the appeal removed the case in its entirety to a higher court, and it is the judgment there rendered that must control; which has to be determined by the views expressed by the court in the opinion filed."

We are unable to concur in this latter statement, and, as the decision of the court below upon the vital question of res judicata was founded upon it, we are constrained to hold that its decree was erroneous. The judgment in Turley v. Turley, 85 Tenn. 251, 1 S. W. 891, does not support it. In that case there had been a reversal, whereas the decree of the New Jersey court, with which this case is concerned, was affirmed. In the one instance the judgment relied upon had been revoked and annulled, while in the other it had not ceased to exist, but had been expressly continued in force. It was a subsisting judgment of a court of competent jurisdiction. It was rendered in a proceeding between the same parties, and it decided, on the merits, the point sought to be again controverted. It determined, not merely for that case, but for all cases between the same parties, that the instrument which the court below adjudged to be void and of no effect was a valid and effective one. Wilson's Executors v. Dean, 121 U. S. 531, 7 Sup. Ct. 1004, 30 L. Ed. 980; Lyon v. Mfg. Co., 125 U. S. 698, 8 Sup. Ct. 1024, 31 L. Ed. 839; Hughes v. U. S., 71 U. S. 237, 18 L. Ed. 303; Baird v. U. S., 96 U. S. 432, 24 L. Ed. 703; Nesbit v. Riverside District, 144 U. S. 618, 12 Sup. Ct. 746, 36 L. Ed. 562; Johnson Co. v. Wharton, 152 U. S. 256, 14 Sup. Ct. 608, 38 L. Ed. 429; Westcott v. Edmunds, 68 Pa. 34.

For this reason the decree of the Circuit Court must be reversed, and the cause be remanded to that court, with direction to dismiss the bill of complaint, with costs.

It is so ordered.