## BLUM et al. v. WILLIAM GOLDMAN THEATRES, Inc.
### No. 9663.

United States Court of Appeals
Third Circuit.

Argued Nov. 5, 1948.

Decided May 3, 1949.

David H. H. Felix, Philadelphia, Pa. (Felix & Felix, Philadelphia, Pa., on the brief), for appellant.

Joseph S. Clark, Jr., Philadelphia, Pa. (Arthur E. Newbold, III, Barnes, Deckert, Price, and Smith & Clark, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The suit at bar is but one ramification of a long drawn out dispute between the parties. Frank and Sara J. Blum ("Blum") have brought this action seeking damages from William Goldman Theatres, Inc. ("Goldman") for maliciously inducing the trustees of an estate to breach a contract to convey certain property to Blum. The court below dismissed the complaint under the doctrine of res judicata. Blum has appealed.

For the purpose of this opinion we need not relate in detail the facts leading to a prior suit between the same parties at No. 5524 in the court below. These were set forth fully in the opinion of the court below[1] which was affirmed with a modification as to damages by this court at our No. 9318.[2] It is enough to state that pursuant to this judgment Goldman was directed by

---

[1] See D.C., 69 F.Supp. 468.  [2] See 3 Cir., 164 F.2d 192.

the court below (1) to convey the property in question to Blum; (2) to assign certain leases and rights pertaining to the property to Blum; (3) to account for all surplus of income over proper charges during Goldman's tenure;[3] and (4) to pay over to Blum damages in the sum of $5,356.48, representing $5,000.00 attorneys' fee for that part of the plaintiffs' attorneys' fee attributable to the suit for reconveyance and $356.48 for certain costs and expenses incurred, together with taxable costs.

Goldman appealed from the judgment. Citing Smith v. Equitable Trust Company, 215 Pa. 413, 417, 64 A. 591, 592, we modified the decree insofar as it directed the payment of counsel fees. We stated that we refrained " * * * from commenting upon the question whether or not the activities of Goldman constituted inducement of breach of contract." We reduced the award to $356.48 and taxable costs.

The court below, when the original suit (No. 5524 in the court below) was before it, prior to the first appeal, held that Goldman " *. * * maliciously and without reasonable justification or excuse intentionally and knowingly induced the trustees to breach the contract to [Blum's] damage." See 69 F.Supp. at page 471. Following our decision Blum filed the suit now at bar (a new suit) in the court below at No. 8006. The complaint at No. 8006 repeats in substance the allegations of the complaint at No. 5524 including those asserting malicious inducement of the breach of contract by Goldman. The relief sought, however, is restricted in the instant suit to damages for malicious inducement of breach of contract. Specifically, the complaint asks damages of $50,000 with interest for " * * * maliciously and without reasonable [or legal] justification or excuse intentionally and knowingly [inducing] the trustees to breach their contract * * *." Goldman moved to dismiss the complaint on the ground that it failed to state a claim. The court below held that our ruling on the prior appeal stood in the way of recovery of counsel fees, and that " * * * the prior adjudication disposed of the entire

issue of the recovery of all damages of every kind arising from malicious inducements of breach of contract, including counsel fees."[4] In short, the court below concluded that the application of the doctrine of res judicata barred Blum's recovery. It should also be pointed out that the former suit was between the same parties as those at bar and Blum relies upon the same operative facts.

Blum has appealed. The gist of his position may be stated as follows. He asserts that as this court expressly refrained from commenting upon the question whether or not the activities of Goldman constituted inducement of breach of contract, the question of recovery of damages for breach of contract is not res judicata. He contends also that our former ruling as to counsel fees was incorrect and that we should change it. Blum made no application for certiorari, however.

Jurisdiction in the case at bar rests upon diversity of citizenship. We held in Hartmann v. Time, Inc., 3 Cir., 166 F.2d 127, 138, 1 A.L.R.2d 370, where the forum, as here, was in the United States District Court for the Eastern District of Pennsylvania that both the lower court and this tribunal must follow the law and policy of Pennsylvania in respect to a plea of res judicata. The law and policy of Pennsylvania dispose of the issue unfavorably to Blum. See In re Wallace's Estate, 316 Pa. 148, 153, 174 A. 397, 399, and Hochman v. Mortgage Finance Corporation, 289 Pa. 260, 263, 137 A. 252, 253. In the Wallace case the Supreme Court of Pennsylvania said: "Broadly stated, the rule of res judicata is that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause

[3] In this connection see our opinion in 3 Cir., 174 F.2d 908, filed on the same day as this opinion.

[4] The opinion of the court below was not reported for publication.

of action in litigation and affect the * * * subject-matter then before the court." In the Hochman case the same court said: "The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties * * * by change in the character of the relief sought, be permitted to nullify the rule. This is a universal rule * * *". [289 Pa. 260, 137 A. 253]

Assuming arguendo that Blum was entitled to recover counsel fees by way of damages by reason of the malicious inducement of the breach of contract[5] and assuming further that the utterance of this court, 164 F.2d at page 198, hereinbefore quoted, was intended to indicate that we were not passing upon any question relating to damages resulting to Blum by way of payment of counsel fees, and taking the precise position which Blum asserted in the court below and asserts in this court in the instant case, it is nonetheless the fact that on the prior appeal we allowed damages to the extent of $356.48, and disallowed counsel fees. Blum's claim therefore is barred under the rule of the Wallace case. That authority holds that the judgment of a court of competent jurisdiction unless reversed is final and conclusive, that is to say, is res judicata, as between the same parties litigating anew on the same operative facts. The judgment of the court below as modified by this court on appeal in respect to the allowance of counsel fees is final and binding on the parties for it has not been reversed. The decision of the lower court as modified by this Court on the appeal that Blum was entitled only to certain expenses as damages was an adjudication, unfavorable to Blum, of his claim to damages. Assuming arguendo that nothing which we said in our opinion was intended to relate to the question of the allowance of damages for malicious inducement of breach of contract, nonetheless that issue and its related facts as found by the court below were before us and we could have passed upon it. Blum, if dissatisfied with the state of the record, could have applied for certiorari to the end that the issue might perhaps be determined in his favor by the higher tribunal. In this connection we should point out that the court below in its opinion in the original litigation made it clear that it was awarding counsel fees and other expenses as damages and not as costs. See 69 F. Supp. at page 471. We were and are fully aware of that fact.

We conclude, therefore, that the application of the principle of res judicata bars Blum's action and that the court below did not err in dismissing the suit. In so holding we are not unmindful of such decisions as Reighley v. Continental Illinois Nat. Bank & Trust Co., 323 Ill.App. 479, 56 N.E.2d 328, 332, and the cases therein cited. These hold that an issue not specifically passed upon by an appellate tribunal remains unadjudicated. But in this connection compare the decisions of this court in Russell v. Russell, 3 Cir., 134 F. 840 which holds to the contrary and Behrens v. Skelly et al., 1949, 3 Cir., 173 F.2d 715. In any event the issue in the instant suit must be decided in accordance with the policy and law of Pennsylvania.

The judgment of the court below will be affirmed.

---

[5] Cf. Smith v. Equitable Trust Company, 215 Pa. 413, 64 A. 591; Hackett v. Hackett, 104 Pa.Super. 353, 159 A. 226; and Ramondo v. Pure Oil Co., 159 Pa.Super. 217, 48 A.2d 156. But see Restatement, Torts, Section 766.