Opinion by
Jacobs, J.,
This case presents the issue of whether a trial court’s finding of fact which is not relied upon by an appellate court in affirming a judgment is conclusive against one of the parties who brings a subsequent suit against a nonparty, in which the fact is in issue.
The Court of Common Pleas of Erie County, Mc-Clelland, J., having by implication determined the question in the affirmative, issued summary judgment in favor of the defendant. We reverse.
On appeal from a summary judgment, the record should be examined in the light most favorable to the appellant, and his well-pleaded facts should be accepted as true. Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A.2d 629 (1968). On April 24, 1964, plaintiffs Speyer, Inc., and Yellow Cab Company of Erie *263 suffered injury to their property from an explosion and fire, resulting from a broken part in a gasoline pump. The break was caused by a defective hose manufactured and sold by defendant Goodyear. In a prior suit, in the Federal District Court for the Western District of Pennsylvania,[1] based upon diversity of citizenship, plaintiffs sued the manufacturer/seller of the gasoline pump, to which the hose had been attached, for strict product liability in tort, negligence, and breach of warranty, and the lessor of the pump, for strict product liability and negligence.[2] The trial court held for defendants on a number of grounds.
As to strict liability under §402A of the Restatement (Second) of Torts, the court exonerated the manufacturer/seller of the pump on the ground of an abnormal use of the product;[3] it exonerated the pump lessor on alternative grounds of a lessor’s not being a seller and of an abnormal use of the product.[4] As to negligence, the court exonerated both defendants on alternative grounds of absence of negligence and, under a unity of enterprise theory by which one plaintiff’s negligence was attributed to the other, contributory negligence.[5]
[6]Other determinations of the trial court are not essential to this opinion.
On plaintiff’s appeal, the United States Court of Appeals for the Third Circuit affirmed.® But in so af *264 firming, the court did not rely upon all of the findings of the trial court. It agreed that the manufacturer/seller of the pump was not strictly liable, but adopted its own premise that a substantial change in the product had taken place, passing over the trial court’s finding that an abnormal use had occurred;[7] it agreed that the pump lessor was not strictly liable, but relied upon the finding that the lessor was not a seller, passing over the finding of abnormal use;[8] it agreed that neither defendant was liable in negligence, but relied upon the finding of an absence of negligence, passing over the finding of contributory negligence.[9]
In the present Pennsylvania state action, plaintiffs sued the manufacturer and seller of the defective hose, Goodyear, for negligence, strict product liability, and breach of warranty. Contributory negligence is a defense, of course, in a negligence action. See Dougherty v. Philadelphia Nat’l Bank, 408 Pa. 342, 184 A.2d 288 (1962). Abnormal use is a defense in a strict liability action [see Bartkewich v. Billinger, 432 Pa. 351, 247 A.2d 603 (1968)] and may be one in a breach of warranty action [see 2 L. Frumer & M. Friedman, Products Liability § 19:08 (1970)]. If the trial court’s findings of contributory negligence and abnormal use survived *265 the circuit court’s affirmance on other grounds, so as to be res judicata as to the parties, and if a number of other legal questions, such as whether the requirement of mutuality of estoppel has been abandoned under the circumstances of the case, are decided favorably to the defendant, the summary judgment should be affirmed. We believe, however, that the findings in question did not survive the affirmance.
As to what law of res judicata and collateral estoppel should govern the case, it is clear that reference must be made to Pennsylvania rules. Although “federal court judgments are entitled to faith and credit in state courts” [47 Am. Jur. 2d Judgments § 1291 (1969)], and although it has been held that a federal court’s rule of res judicata must therefore be respected by a state court [Horne v. Woolever, 170 Ohio S. 178, 163 N.E.2d 378 (1959), cert. denied, 362 U.S. 951 (1960) ], the federal court in question, which was sitting as a Pennsylvania forum in a diversity case, would apply Pennsylvania law. Blum v. William Goldman Theatres, Inc., 174 F.2d 914 (3d Cir. 1949). Since both Pennsylvania and the Third Circuit would apply this state’s law, it is unnecessary to determine whether Pennsylvania could, under the circumstances of the case, apply its own law without reference to the Third Circuit’s.
As to the issue of estoppel on these facts, no Pennsylvania case directly on point has been found. But the weight of authority, the better rationale, and the case of Irwin Borough School District v. North Huntingdon Township School District, 374 Pa. 134, 97 A.2d 96 (1953), support a conclusion that the findings of a trial court which are not relied upon on appeal should not remain res judicata.
According to the Restatement of Judgments, “Where the trial court bases [a] judgment upon two alterna *266 live grounds, and an appellate court affirms the judgment solely on one of the grounds, the judgment is not conclusive in a subsequent action in which the other ground is in issue.” Section 68, comment n (1942). To the same effect is § 69, comment 6. See Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, 15 (1942). A similar rule would undoubtedly apply in the case of an appellate court’s affirmance of a decision on a ground suggested by itself, after passing over the trial court’s premise.
The view that an appeal creates a clean slate, so to speak, for purposes of res judicata, upon which the appellate court’s grounds of decision are inscribed, has been said to be supported by “the great weight of judicial and scholarly opinion.” Hannahville Indian Community v. United States, 180 Ct. Cl. 477, 485 (1967). See, e.g., International Refugee Org. v. Republic S.S. Corp., 189 F.2d 858 (4th Cir. 1951); Moran Towing & Transp. Co. v. Navigazione Libera Triestina, S.A., 92 F.2d 37 (2d Cir.), cert. denied, 302 U.S. 744 (1937); Reighley v. Continental Ill. Nat'l Bank & Trust Co., 323 Ill. App. 479, 56 N.E.2d 328 (1944) (supplemental opinion), aff'd, 390 Ill. 242, 61 N.E.2d 29 (1945); State ex rel. City of Trenton v. Missouri Pub. Sen. Corp., 351 Mo. 961, 174 S.W.2d 871 (1943), cert. denied, 321 U.S. 793 (1944) ; Sterling Nat'l Bank & Trust Co. v. Charleston Transit Co., 126 W. Va. 42, 27 S.E.2d 256 (1943), cert. denied, 321 U.S. 777 (1944).
The bases for this rule are easy to discern. First, it is felt that, properly speaking, there is only one judgment in a case — the ultimate judgment, which is that of the appellate court. See Scott, Collateral Estoppel by Judgment, supra at 15. Second, it is clear that an appellate court’s refusal to rest its affirmance on a certain finding is often indicative of an infirmity in the finding. Third, it has been held that to consid *267 er a party bound in later actions by a trial court’s determination which was ignored on appeal is to deprive the party of a statutory right of appeal. Hannahville Indian Community v. United States, supra at 485. And fourth, it would seem that a contrary rule would require considerable wariness on the part of an appellate court, in disposing of a case, lest it inadvertently leave questionable findings res judicata.
In the case of Irwin Borough School District v. North Huntingdon Township School District, the Pennsylvania Supreme Court was confronted with the question of whether an appellate court’s affirmance of the first part of a decree (invalidating an annexation), while passing over the second part (imposing liability on the annexed party for certain school benefits received), had the effect of making the second part res judicata in a collateral suit between the parties. The Court held it did not. 374 Pa. 134, 97 A.2d 96 (1953). One interpretation of the case is that by rejecting the proposition that the unconsidered ruling was binding on the parties in a collateral action, the Court impliedly accepted the theory that a trial court’s orders do not survive an affirmance which fails to pass upon them. 50 C.J.S. Judgments § 728 (1947, Supp. 1972).
Another interpretation is that because the particular ruling in question was invalid for lack of subject matter jurisdiction in the lower court,[10] the case holds nothing more than that a ruling by a clearly incompetent court is at no time res judicata, and may always be attacked collaterally, until affirmed by a com *268 petent court. See 2 A.C. Freeman, Law of Judgments § 642 (5th ed. 1925); F. James, Civil Procedure § 11.6 (1965). The Irwin case then is, at best, some evidence of Pennsylvania’s adherence to the majority rule.
The minority rule, which holds that a finding passed over in an appellate court’s affirmance remains res judicata as to the parties, was adopted in the federal case of Russell v. Russell, 134 F. 840 (3d Cir.), cert. denied, 198 U.S. 584 (1905), appeal dismissed, 200 U.S. 613 (1906) (widow held precluded from relitigating question of fraud in inducement as to antenuptial agreement, when appellate court had affirmed judgment against her on alternative ground of failure to restore husband’s estate to status quo prior to suit).
Although Pennsylvania was once said by the Third Circuit to be an adherent of the minority rule, Blum v. William Goldman Theatres, Inc., 174 F.2d 914 (3d Cir. 1949), the two Pennsylvania cases cited in the opinion do not support that conclusion. The holding of Wallace’s Estate, 316 Pa. 148, 174 A. 397 (1934), is merely that plaintiffs asserting the existence of an express or constructive trust can not continually relitigate the assertion by alleging new evidence. The broad statement that “when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is . . . final and conclusive as between the parties . . .” must be read in that context. Id. at 153,174 A. at 399 (1934). In the same vein is Hochman v. Mortgage Finance Oorp., 289 Pa. 260, 137 A. 252 (1927), which held that a stockholder’s suit, once litigated, could not be retried upon an insubstantial change in the issues or parties; no appellate court decision was involved. It is possible that today, in light of the subsequent decision in the Irwin case, supra, the Third Circuit would reconsider its view.
*269 Given the Pennsylvania authority available; the weight of authority elsewhere, including the Restatement; and the clangers of an absence of appellate review, infirmities in the trial court’s findings, and exactions imposed upon the appellate court by a contrary rule; we are persuaded to hold that a trial court’s finding of fact which is not relied upon by an appellate court in affirming a judgment is not conclusive against one of the parties who brings a subsequent suit against a nonparty, in which the fact is in issue. Since under Pennsylvania Rule of Civil Procedure 1035(b) a summary judgment is not appropriate in a case in which a genuine issue exists as to a material fact, and since by our decision today we decline to estop the plaintiffs from litigating the material issues of contributory negligence and abnormal use, it follows that the judgment was incorrect.
Judgment reversed with a procedendo.

 Speyer, Inc. v. Humble Oil & Ref. Co., 275 F. Supp. 861 (W.D. Pa. 1967), aff’d, 403 F.2d 766 (Ed Cir. 1968), cert. denied, 394 U.S. 1015 (1969).

 It was only upon defendants’ presentation of their case at trial that plaintiffs discovered that the cause of the accident was a defect in the hose rather than the pump. Id. at 866-67.

 Id. at 870.

 Id. at 868-69.

 Id. at 865-68, 869-71.

 Speyer, Inc. v. Humble Oil & Ref. Co., 403 F.2d 766 (3d Cir. 1968), cert. denied, 394 U.S. 1015 (1969).

 Id. at 771.

 Id. at 772.

 Id. at 770-71. It is true that the court made reference to the trial court’s finding of negligence on the part of a Yellow Cab employee in handling the gasoline hose, but it appears that the discussion was intended to affirm the defendants’ theory of causation, which centered upon the hose, not the pump, and to serve as a basis for the appellate court’s consideration of defendants' negligence on that premise. See id. at 769 n.6. Having affirmed the lower court’s finding of an absence of negligence, the court found it “unnecessary” to discuss contributory negligence as it related to the unitary enterprise doctrine of imputation among corporations. Id. at 772-73.

 The lower court was held to have lacked jurisdiction to order the township school district to reimburse the borough district for school expenditures made in reliance on the validity of the annexation.