448 A.2d 83

**Robert M. SUPLEE, Appellant,**

v.

**Charles L. LEEDOM, Varrell D. Leedom and Jack Burgess, Jr., Intervenor.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed July 16, 1982.

Manya L. Kamerling, Philadelphia, for appellant.

John W. Wellman, Media, for Leedom, appellees.

Robert B. Surrick, Media, for Burgess, Jr., intervenor.

Before HESTER, CAVANAUGH and SHERTZ, JJ.

CAVANAUGH, Judge:

We are asked in this appeal to review an order granting partial summary judgment against plaintiff-appellant Robert Suplee and dismissing the remaining counts of the complaint filed by him for lack of personal jurisdiction over defendant-appellees Charles and Varrell Leedom.

Suplee filed a complaint in equity on October 17, 1980, requesting specific performance of an agreement of sale and compensatory and punitive damages. The agreement, entered into in August, 1978, involves a sale by the Leedoms to Suplee of a parcel of land located in Delaware County, Pennsylvania. The Leedoms filed preliminary objections to the complaint, demurring to the count for specific performance on the basis of laches and claiming that the court lacked personal jurisdiction over them insofar as the request for monetary damages was concerned. The Leedoms have at all times relevant to this case been residents of the state of Florida.

Pursuant to a stipulation of the parties, Jack Burgess was permitted to enter the suit as an intervenor in March, 1981. The Leedoms and Burgess filed separate motions for summary judgment and on April 3, 1981, the lower court entered an order granting partial summary judgment, decreeing that Suplee was not entitled to specific performance of the agreement of sale, and also dismissing that portion of the complaint requesting monetary damages for lack of jurisdiction. Suplee has appealed from that order and we now reverse.

We note initially that:

It is settled law in the Commonwealth that one who moves for a summary judgment has the burden of showing that there is no genuine issue as to any material fact. *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). The court should accept as true all well pleaded facts and any admissions on file, but should resolve any doubts as to the existence of a genuine issue of a material fact against the moving party. *Schacter v. Albert, supra.* On appeal from a summary judgment, this court must examine the record in a light most favorable to the appellant. *Speyer, Inc. v. Goodyear Tire & Rubber Company*, 222 Pa.Super. 261, 295 A.2d 143 (1972).

*Ammerman v. Lush*, 236 Pa.Super. 231, 233, 345 A.2d 271, 272 (1975).

The relevant facts in this case are as follows. Suplee and the Leedoms entered into an agreement of sale for certain real estate with settlement to be held on or before September 30, 1978. By agreement, settlement was extended to December 30, 1978. Suplee secured a title report which indicated that an additional party would have to join in the deed in order to convey marketable title. He requested that the date for settlement be continued until June 1, 1979, in order to allow time to resolve the title problem. The Leedoms responded by notifying Suplee on January 3, 1979, that they were unilaterally voiding the agreement. Between January of 1979 and March of 1980, Suplee attempted to ascertain whether the signatures necessary to provide good title could be obtained.

In March, 1980, Suplee sent to the Leedoms a copy of an opinion letter from an attorney regarding the title in question and again requested that the Leedoms attempt to resolve the title problem. Later that month Suplee traveled to the Leedoms' home in Florida to discuss the resolution of the title problem and consummation of the sale. Evidently, that meeting accomplished nothing. On or about August 12, 1980, Jack Burgess, the intervenor in this case, entered into an agreement of sale to purchase the subject property from the Leedoms.

■ Suplee has alleged by way of affidavit that on or about August 1, 1980, several days *before* Burgess entered into the agreement with the Leedoms, he (Suplee) received a telephone call from an attorney representing Mr. Burgess, in which the attorney inquired about the availability of a parcel of land adjoining the one which is the subject of this suit. During that conversation, Suplee advised the attorney of his equitable interest in the subject premises and of his intent to litigate in order to enforce his agreement of sale with the Leedoms. Burgess, on the other hand, filed an affidavit stating that this phone call took place *after* August 12, 1980, and that he had no knowledge of Suplee's interest in the property or of his intent to litigate at the time he entered into an agreement with the Leedoms.

We believe that these conflicting affidavits indicate the existence of a genuine issue of material fact relevant to a determination of laches and that summary judgment should not, therefore, have been entered.

The Pennsylvania Supreme Court recently stated that: "While the defense of laches may be raised by preliminary objections, laches should never be declared unless the existence thereof is clear on the face of the record." *Estate of Marushak*, 488 Pa. 607, 610, 413 A.2d 649, 651 (1980). Moreover,

The application of the equitable doctrine of laches does not depend upon the fact that a certain definite time has elapsed, but whether, under the circumstances of the

particular case, the complaining party is guilty of want of due diligence in failing to act to another's prejudice. *Id.*, 488 Pa. at 610, 413 A.2d at 651.

The Leedoms and Burgess claim that due to the rights in the subject property acquired by Burgess, the status quo can not be restored and that this in itself is sufficient to defeat Suplee's claim for specific performance. They rely on two cases to support this proposition, *Wilson v. King of Prussia Enterprises, Inc.*, 422 Pa. 128, 221 A.2d 123 (1966) and *Dorsch v. Jenkins*, 243 Pa.Super. 300, 365 A.2d 861 (1976). In both of those cases, however, third parties had, during a period of delay or inaction on the part of the plaintiff, acquired rights in the subject property without any notice of the claims of the plaintiff. Thus the court, in both of those cases, referred to the "innocent third parties." It is significant that the lower court in the instant case stated that at time he entered into the agreement of sale with the Leedoms, "Mr. Burgess had no knowledge of any outstanding agreement of sale executed by Charles D. Leedom and specifically the agreement of sale upon which the plaintiff is seeking relief in this case." Lower court opinion at 2. The court referred to Mr. Burgess as "an innocent third party." Supplemental opinion at 3.

According to the affidavit filed by Suplee, Burgess *did* have notice of the prior agreement of sale between Suplee and the Leedoms and therefore he is not an innocent third party. The resolution of this factual dispute may well be a significant factor in determining whether Suplee "is guilty of want of due diligence in failing to act to another's prejudice." *Marushak, supra.*

We conclude that the lower court erred in finding that there was no genuine issue of material fact. The parties should be permitted to produce evidence at trial on the issue of whether Suplee's claim for specific performance is barred by the doctrine of laches.

Suplee also claims that it was error for the lower court to dismiss, for lack of personal jurisdiction, the counts

of his complaint seeking monetary damages. The Leedoms admit that the court has jurisdiction over the land which is the subject of this suit pursuant to Pa.R.C.P. No. 1503(a). Under the same rule, a party will be personally bound by a judgment, order, or decree if he "appears or otherwise submits himself to the jurisdiction of the court." Since we have determined that the lower court erred in entering summary judgment, the Leedoms must appear and defend the claim on the merits, thus submitting themselves to the jurisdiction of the court, or suffer a default judgment. If they choose to appear, they will be bound by any order entered with regard to the ancillary claim for monetary damages.[1]

Order granting summary judgment as to count one and dismissing counts two and three of appellant's complaint is vacated. Appellant's complaint is reinstated and the case is remanded for further proceedings. We do not retain jurisdiction.

SHERTZ, J., did not participate in the consideration or decision of this case.

---

1. In view of our disposition of the above claims, we need not address appellant's additional argument that the lower court failed to act in accordance with its own local rules by granting summary judgment before he had an opportunity to respond.