**BOROUGH OF BRADDOCK and**
**Central Tax Bureau of**
**Pennsylvania, Inc.**

v.

**SULLIVAN PLUMBING,**
**INC., Appellant**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2008.

Decided April 18, 2008.

Publication Ordered July 16, 2008.

Rachel S. Riedel, Pittsburgh, for appellant.

Marcia L. DePaula, Canonsburg, for appellees.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Sullivan Plumbing, Inc. (Sullivan) appeals from an order of the Court of Common Pleas of Allegheny County that granted the motion for summary judgment filed by the Borough of Braddock (Borough) and Central Tax Bureau of Pennsylvania, Inc. (Centax) in their action against Sullivan, a plumbing contractor, seeking to collect business privilege taxes for the years 1994 through 2003 and also penalties and interest. Sullivan questions whether the trial court erred in granting summary judgment for the Borough when genuine issues of material fact exist; when the defense of the doctrine of laches was raised, which involves a factual determination; and when the doctrine of selective enforcement was raised, which also requires a factual determination.

The trial court found that during the years 1994 through 2003 the Borough imposed a business privilege tax upon businesses, trades, occupations and professions rendering services to the public from places, offices or establishments located in the Borough under Borough Ordinance No. 771, enacted December 6, 1966, as amended in 1966, 1974 and 2003. During the period in question the tax was 10 mills on each dollar of actual gross earned income or actual gross volume of business transacted wholly within the Commonwealth. The "certain businesses" to which the tax applies described in Section 1(g) of Ordinance 771 specifically include "plumbing contractors." Reproduced Record (R.R.) 10a, 11a. Centax is the authorized tax collector for the Borough.

Centax conducted an audit and determined that Sullivan had not filed tax returns for 1994 through 2003 and had not paid taxes for those years. The Borough and Centax (together, Borough) filed a complaint in September 2005 that alleged gross receipts for Sullivan for the years at issue, which it later admitted, and also specified taxes and penalty and interest based on a business privilege tax audit worksheet, as follows:

|      | Gross Receipts | Total Tax Due | Penalty & Interest |
|------|----------------|---------------|--------------------|
| 1994 | $ 649,393      | $ 6,493.93    | $ 12,499.64        |
| 1995 | $ 779,200      | $ 7,729.00    | $ 13,579.64        |
| 1996 | $ 906,721      | $ 9,067.21    | $ 14,156.84        |
| 1997 | $ 1,145,300    | $ 11,453.00   | $ 15,799.24        |
| 1998 | $ 1,288,284    | $ 12,882.84   | $ 16,022.51        |
| 1999 | $ 1,342,394    | $ 13,423.94   | $ 13,671.74        |
| 2000 | $ 1,617,918    | $ 16,179.18   | $ 13,549.16        |
| 2001 | $ 1,826,433    | $ 18,264.33   | $ 11,997.47        |
| 2002 | $ 1,495,732    | $ 14,957.32   | $ 7,147.34         |
| 2003 | $ 1,855,195    | $ 18,551.95   | $ 5,506.45         |
| Total | $12,906,570   | $129,065.70   | $123,930.03        |

The total amount demanded was $252,995.73. Sullivan filed an answer with new matter, and the Borough later filed its motion for summary judgment. The trial court notes in its opinion that summary judgment is proper where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...." Pa. R.C.P. No. 1035.2(1). Because Sullivan had invoked the defense of laches, the trial court quoted *In re Estate of Devine,* 910 A.2d 699, 702 (Pa.Super.2006) (quoting *In re Estate of Scharlach,* 809 A.2d 376, 382–383 (Pa.Super.2002)), *appeal denied,* 592 Pa. 767, 923 A.2d 1174 (2007):

Laches bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another. Thus, in order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and, b) prejudice to the respondents resulting from the delay.... Prejudice in this context

means that the party must change his position to his detriment in order to invoke laches. Furthermore, the doctrine is an equitable doctrine that should not be applied in favor of a person who has failed to take required action on his own.

The trial court referred to Section 16 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. § 6916, which provides: "No assessment may be made of any tax imposed under this act more than five years after the date on which such tax should have been paid except where a fraudulent return or no return has been filed."

The trial court stated that the Supreme Court has been reluctant to accept the defense of laches against a state's exercise of its taxing authority, citing *Commonwealth v. Western Maryland Ry. Co.,* 377 Pa. 312, 105 A.2d 336 (1954), for the proposition that the defense of laches could not be asserted to prevent the state from collecting legally due taxes on property although it failed to assess them for several years. The trial court concluded that the prejudice requirement was not present in this matter—Sullivan had not changed its position, it simply had not paid its taxes and now was charged with penalty and interest. The trial court dismissed as meritless Sullivan's assertion that it had received information that other businesses in the Borough had not had similar taxes collected and that the Borough Solicitor is responsible for furnishing forms necessary to collect and to receive the tax to every business owner. The existence of some taxpayers who have not been billed or paid the tax would not exempt Sullivan from its obligation.[1]

■ Sullivan first asserts that the trial court committed error of law when it granted summary judgment. It quotes Pa. R.C.P. No. 1035 .2(2), providing that a party may move for summary judgment in whole or in part as a matter of law:

if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Sullivan states that a material fact exists as to whether its total gross income alleged to be taxable was for services from locations in the Borough. However, in ¶ 4 of its Responses to Plaintiff's First Set of Interrogatories regarding a request for details as to any projects outside the Borough where job trailers were used, Sullivan responded: "Upon further review, the projects in question were not during the relevant time period." R.R. 62a. This issue clearly is no longer in the case.

■ Next Sullivan argues that the laches defense raised factual questions to be determined at trial. It recites that the defense is properly raised where the complaining party is guilty of a want of due diligence to institute his/her action to another party's prejudice, citing *Suplee v. Leedom,* 302 Pa.Super. 39, 448 A.2d 83 (1982). Application of the doctrine depends not just on the passage of time but on whether, under the circumstances, the complaining party's lack of due diligence actually does prejudice the other party. *Id.* Therefore, the question is to be determined by examining the factual circumstances of each case. *See Coney Island,*

---

1. The Court's review of a trial court order granting summary judgment is limited to determining whether the trial court abused its discretion or erred as a matter of law. *D.C. v. School District of Philadelphia,* 879 A.2d 408 (Pa.Cmwlth.2005).

*II, Inc. v. Pottsville Area School District,* 72 Pa.Cmwlth. 461, 457 A.2d 580 (1983).

Sullivan cites *Mar-Pat Co., Inc. v. City of Allentown,* 687 A.2d 1198 (Pa.Cmwlth. 1997), where a city assessed allegedly overdue business privilege taxes for the years 1971 to 1991 on a company that purchased poor quality cardboard and then cut and scored it to make items such as shirt board, collar supports and hosiery packaging inserts. The Court ultimately determined that the business was a manufacturer and therefore exempt from the tax under the ordinance, but the Court commented on the alternative defense of laches, agreeing that the city did not exercise due diligence and that its delay in auditing until 1991 and then instituting a claim prejudiced the taxpayer. Sullivan argues that its situation is precisely the same. The Borough claims business privilege taxes owed from 1994 through 2003, but it did not perform an audit until 2005 or eleven years after the taxes were first owed. The fines and penalties in excess of $120,000 could have been mitigated or avoided altogether if the Borough acted diligently.

The Borough responds that the trial court did not err where Sullivan provided plumbing services from a location within the Borough and it admitted that it failed to calculate the amount of business privilege tax owed and failed to file returns. Section 7 of Ordinance No. 771 specifies the manner of filing.[2] Section 10 imposes interest at the rate of six percent per annum on any unpaid tax and an additional penalty of one percent per month. No genuine issues of fact remain as to the actual gross income of Sullivan for the years at issue.

This Court observed in 1980 that the historical reluctance of courts to subject the Commonwealth or its subdivisions to the operation of estoppels was diminishing in *Department of Revenue, Bureau of Sales and Use Tax v. King Crown Corp.,* 52 Pa.Cmwlth. 156, 415 A.2d 927 (1980). There the Court held that a letter from an assistant attorney general to a taxpayer announcing settlement of a tax claim estopped the Department of Revenue from denying that the compromise was valid, citing various instances of estoppel against government bodies including estoppel by laches against the Commonwealth in *Commonwealth ex rel. Margiotti v. Union Traction Co. of Philadelphia,* 327 Pa. 497, 194 A. 661 (1937).

In *In re Estate of Leitham,* 726 A.2d 1116 (Pa.Cmwlth.1999), the Department of Revenue filed a notice assessing additional inheritance tax and also penalties and interest more than eight years after an estate filed its inheritance tax return, based on failure to include the decedent's retirement plan in her taxable estate. The estate did report the proceeds on its federal estate tax return, a copy of which was filed with the state return. The trial court affirmed the imposition of the tax, although it ordered that the estate and its beneficiaries were not liable for interest and penalties because the delay in filing the notice was attributable solely to the Department.

The Court explained in *In re Estate of Leitham* that in the years since the Department failed to timely file an appraisement, determination or assessment, the

---

**2.** Subsection (a) provides that "[e]very return shall be made upon a form furnished by the Borough Solicitor" and that every person making a return shall certify the correctness by affidavit. Subsection (b) specifies when each person subject to the tax shall file a calendar quarter return. Subsection (c) specifies the information to be included in the calendar quarter return filed with the Borough Solicitor. R.R. 12a.

**676**

estate had been closed and assets distributed. Defending against or complying with the notice at that time presented an unfair hardship. Referring to the historical reluctance of the courts to apply estoppel to the government, the Court noted that the reasons offered were strikingly similar to the reasons supporting the doctrine of sovereign immunity and that both had been modified in recent years, so that application of estoppel should not be denied merely because it was asserted against the government, as indicated in *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979). The Court addressed *Western Maryland Ry. Co.* and stated that modern advances in case law left intact the principle enunciated there that failure to collect the tax in the past is no bar to present collection. Because the estate did not seek insulation from future tax liability, *Western Maryland Ry. Co.* was inapposite. The Court reversed the trial court.

In the present case, the Court agrees that estoppel by laches applies. One point of particular interest concerns *Western Maryland Ry. Co.*, where a railroad company formed in 1917 from consolidation of several companies under the laws of Maryland and Pennsylvania became liable for corporate loans tax on bonds that it assumed. In October 1946 the Department of Revenue issued a resettlement of these taxes for years 1940 through 1945, and the Board of Finance and Revenue affirmed. The Court of Common Pleas of Dauphin County affirmed the Board, although it did not allow interest on the balance of taxes due before the October 1946 resettlement. The Supreme Court pointed out that the company had escaped payment of the corporate loans tax on the bonds for a period of over twenty years, between 1917 and 1939, and that it should not now be allowed to claim that because of such mistaken indulgences and errors of administrative

practice no taxes could be imposed for any subsequent years. The Supreme Court concluded that the state is not estopped to levy and collect taxes on particular property by failure to assess it for a number of years, nor can the rights of the state be forfeited by laches of its agents. It affirmed the trial court's judgments, which included the disallowance of interest for the years at issue.

Application of these principles requires affirmance of the trial court's order in part. There are no genuine questions of material fact relating to this issue: the amounts of Sullivan's gross income for the years at issue have been admitted as well as the failure to file returns or to pay the tax. The Court determines, however, that equitable concerns require reversing the trial court's approval of interest and penalties. As noted above, interest was not charged by the trial court in *Western Maryland Ry. Co.*, and the Supreme Court affirmed. Similarly, interest was not charged by the trial court in *Estate of Leitham*. Here, the element of delay arises from the failure of the Borough to exercise due diligence. Section 9 of Ordinance 771 provides that it shall be the duty of the Borough Solicitor to collect and receive the taxes and penalties imposed and to keep a record, that the Solicitor is charged with the administration and the enforcement of the provisions of the ordinance and is empowered to re-examine each return as to its correctness and empowered to re-examine payments alleged or found to be incorrect and to examine the books and records of taxpayers to verify the accuracy of returns. R.R. 13a.

No one from the Borough or from Centax made any effort to check whether Sullivan was paying the business privilege tax or was aware of its obligation to pay. As was stated in *Estate of Leitham*, 726 A.2d at 1119:

Whether the complaining party acted with due diligence depends upon what that party might have known by use of information within its reach, and prejudice may be found where some change in the condition or relation of the parties occurs during the period the complaining party failed to act.

The explanation may be that the Borough was relying on its agent Centax, rather than administering the business privilege tax directly as Section 7 of the Ordinance provides, but in any event due diligence was not shown. The element of prejudice is shown from the change in condition of the parties due to the failure of the Borough to act. Sullivan owed the taxes at issue, and that fact did not change because of the Borough's inaction. There is no basis to assume that Sullivan would knowingly and willingly incur liability for interest and penalties for a period of ten years, and its incurring such liability constituted a change in the parties' condition during the period that the Borough failed to act. The Court accordingly reverses the trial court's order to this extent and, based upon a full review,[3] affirms the trial court's order to the extent that it held Sullivan to be liable for the taxes at issue.

---

**3.** Sullivan argues that summary judgment was improper because it raised the defense of selective enforcement, noting that discrimination can be shown by proof of systematic unequal enforcement of a tax statute, *Commonwealth v. Molycorp., Inc.*, 481 Pa. 208, 392 A.2d 321 (1978); that it averred that it was aware of other businesses similarly situated that have not been charged with the tax nor informed of any audit or duty to pay the ·tax; and that further discovery would have allowed for it to develop the defense. The Borough responds that Sullivan failed to conduct any discovery during the seventeen months between the filing of the lawsuit and the motion for summary judgment and failed to establish materiality and due diligence with regard to further discovery. *See Kerns v. Methodist Hospital*, 393 Pa.Super. 533, 574 A.2d 1068 (1990). Sullivan did not request a

---

### ORDER

AND NOW, this 18th day of April, 2008, the order of the Court of Common Pleas of Allegheny County is reversed insofar as it determined Sullivan Plumbing, Inc. to be liable for interest and penalties relating to its business privilege tax liability to the Borough of Braddock for the years 1994 through 2003, and the order is affirmed in all other respects.

---

continuance of discovery and conducted no discovery even after the Borough served its discovery requests. In ¶ 6 of its Answer to Interrogatories dated June 27, 2006, Sullivan stated that its assertion was based on information John L. Sullivan received that other businesses had not had such taxes collected or had enforcement attempted. R.R. 63a. The Borough cites *Norris v. Commonwealth*, 155 Pa.Cmwlth. 423, 625 A.2d 179 (1993), stating that to establish discriminatory enforcement it is necessary to show an element of intentional discrimination; proof of mere laxity of enforcement is not sufficient. The Court sees no error of law or abuse of discretion in the trial court's ruling on summary judgment after Sullivan stated a vague contention and then made no effort to discover supporting evidence.