# Commonwealth, Appellant, *v.* J. B. Lippincott Co.

*Taxation—Exemption—Manufacturing corporations—Invalid power in charter—Act of June 1, 1889.*

A power in the charter of a manufacturing corporation to deal " in books, maps, periodicals, stationery and other like articles " is invalid, and such a corporation must be considered as exclusively organized for manufacturing purposes. A corporation so organized can only be taxed on so much of its capital stock as is not invested in its manufacturing business.

Argued May 30, 1893. Appeal, No. 14, May T., 1893, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1891, No. 442, in favor of defendant on appeal from tax settlement. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal from tax settlement.

The opinion of the court below was as follows, by McPHERSON, J.:

" This case was tried without a jury under the act of 1874. We find the facts to be as follows :

" 1. During the tax year ending the first Monday of November, 1890, the defendant was a corporation of this commonwealth, chartered on Feb. 23, 1885, and having a paid up capital stock of $1,000,000. Of this amount $700,000 was employed within the state in the printing and publishing of periodicals and books for the purpose of sale, in the making of stationery and in the making and binding of blank books, also for the purpose of sale ; and three hundred thousand dollars was employed in the purchase and sale of books and other articles manufactured by other persons. It is not engaged in the brewing and distilling of spirituous or malt liquors and it does not enjoy and exercise the right of eminent domain.

" 2. During the said tax year defendant paid only one dividend of four per cent. The capital stock of the company was appraised Nov. 5, 1890, by its treasurer and president at $1,000,000, which was its true value at that date.

" 3. The defendant has paid into the state treasury, on account of tax on capital stock for 1890, the sum of $900, being

at the rate of three mills upon the $300,000 invested in the purchase and sale of goods manufactured by other persons.

" Under the act of 1885, section 20, we decided that the defendant was not liable to tax upon the $700,000 of capital stock invested in its manufacturing business. But for reasons to be found in Com. v. William Mann Co., No. 385 Jan. T., 1892, [1 Dist. R. 345, reversed 150 Pa. 64,] we are obliged to hold that the act of 1889 does not continue that exemption in favor of the defendant. We refer to that case for the reasoning which supports our present conclusions with the same effect as if it was here repeated.

" We conclude that the defendant is a manufacturing corporation actually carrying on manufacturing within the state, but during the tax year of 1890 it was not a corporation organized exclusively for manufacturing purposes, and therefore that its whole capital stock is taxable and taxed by section 21 of the revenue act of 1889.

" Since the opinion in this case was written, the Supreme Court has decided that the question, whether or not a given corporation is organized exclusively for manufacturing purposes, is to be determined by inspecting its charter and not by considering the business which it is actually doing.

" We, therefore, find as an additional fact that the defendant was incorporated for the purpose of 'carrying on the business of publishing books, of dealing in books, maps and periodicals, stationery and other like articles, and of printing and bookbinding:' P. L. of 1885, page 442.

" If then the power of 'dealing' in the articles named was lawfully given, the defendant would be organized, not only for manufacturing but also for dealing; and, therefore, not being organized exclusively for manufacturing purposes, it would be taxable upon its whole capital stock: Com. v. Westinghouse El. Co., 151 Pa. 265. We reached the same conclusion by taking the defendant's business as the test and finding that it was actually exercising both the powers which are apparently given by its charter. But we did not then consider a new question which has since been raised in other cases, namely, whether the power to 'deal' could lawfully be given. We have recently decided the point, however, in Com. v. Thackara Mfg. Co., 352 Jan. T., 1892, Dauphin C. P. [the pre-

ceding case], holding that the power is not lawfully given, because no statute authorizes the grant to a corporation of the power to deal as a merchant. Following that decision, we now hold that the apparent power to deal, found in the charter before us, is void, and, therefore, that the defendant is exclusively organized for manufacturing purposes.

" The case is thus identical with Com. v. Wm. Mann Co., 150 Pa. 64, and the defendant is to be taxed only on so much of its capital stock as is not invested in its manufacturing business. As the sum due upon this account has been already paid, we now direct judgment to be entered for the defendant."

Exceptions dismissed and judgment.   Plaintiff appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*James A. Stranahan,* deputy attorney general, *W. U. Hensel,* attorney general, with him, for appellant, cited: Com. v. Lackawanna Iron & Coal Co., 129 Pa. 346 ; Com. v. Campbell, 33 Pa. 385 ; Com. v. Natural Gas Co., 2 Lanc. L. Rev. 41 ; Com. v. Mann Co., 150 Pa. 64 ; Com. v. Westinghouse El. Co., 151 Pa. 265 ; Com. v. Thackara Mfg. Co. [the preceding case].

*M. E. Olmsted, John G. Johnson* with him, for appellee, cited: Com v. William Mann Co., 150 Pa. 64 ; Com. v. Westinghouse El. & Mfg. Co., 151 Pa. 265.

Per Curiam, July 19, 1893 :

This case appears to be ruled by Commonwealth v. William Mann Company, 150 Pa. 64, and is affirmed on the opinion of the learned trial judge, sustaining defendant's sixth exception to his former adjudication.

The apparent power " of dealing in books, maps and periodicals, stationery and other like articles," found in defendant company's charter, is void, and may therefore be treated as eliminated. That being done the company must be considered as exclusively organized for manufacturing purposes.

Judgment affirmed.                                        ❋