Philadelphia School District, Appellant, *v.*
Rosenberg.

366

Argued November 15, 1960.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*C. Brewster Rhoads,* with him *Edward B. Soken,* and *Hugh G. Moulton,* for appellant.

*Albert M. Roth,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1961:

This appeal is by the School District of the City of Philadelphia from the order and judgment of the court below, sustaining the contention of the appellee that he is not liable for certain assessments against him of General Business Taxes for the years 1953 through 1958, imposed under the provisions of the Act of May 23, 1949, P. L. 1669, 24 PS (Supp.) §584.1 et seq., as amended.

Under said statute, receipts realized from the "delivery of goods . . . of the taxpayer's own manufacture" to customers outside of Philadelphia are exempt from assessment. The lower court concluded that the appellee is a manufacturer of the goods involved which were sold and delivered outside of the territory of the school district. We are asked to review the correctness of this ruling.

The appellee is in the business of selling men's clothing at wholesale prices. The record sustains the following facts: Appellee buys woolen piece goods, bindings, edgings, linings, buttons and trimmings which are fit for the making of men's suits and sport coats. These goods and items are all manufactured by others. After examining and determining the suitability of the woolens for men's garments, appellee sends the cloth that is satisfactory to an independent contractor for sponging, the usual practice in the garment industry. Upon its return, he arranges the cloth so as to eliminate shadows and mismatching. He designs the patterns for the garments, cuts the cloth to conform thereto and eliminates defects which would prevent the sale of the completed garment. He assembles the cut-to-pattern materials and marks them as to size and model. Then each of the coats consisting of over one hundred pieces and each of the trousers consisting of about sixty pieces are sent to two independent contractors to be sewn together by machine. The appel-

lee exercises constant, close supervision over the sewing process. The plant wherein the coats are sewn together, and which is used exclusively for the appellee's business is owned by the individual appellee and his brother, as a joint enterprise. The completed garments are returned to him for distribution and sale.

The issue is before this Court on "broad certiorari." It is our duty to examine the record to determine whether or not the findings of the lower court are supported by the evidence and to correct any conclusions of law erroneously made: *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959). We completely agree with the lower court's findings and conclusions. The goods involved are of the appellee's "own manufacture" and, therefore, are not subject to the levy of these taxes.

What the word "manufacturing" implies, as indicated in the cases construing the scope of the manufacturer's exemption under the General Business Tax Act and related statutes, is adequately discussed in the case of the *Philadelphia School District v. Parent Metal Products, Inc.,* 402 Pa. 361, 167 A. 2d 257, and need not be repeated herein. As manifested by these authorities, it is the popular or practical understanding of what is "manufacturing" that prevails and is intended.

Appellee does much more than arrange and assemble together materials made by others into a finished product. Through skill and ingenuity, he cuts the whole cloth into fashions and patterns which he designs and which are of his own making; through skill and ingenuity he eliminates defects, mismatching and molds the original materials, as cut, into a new product, substantially different in form, quality and adaptability for use. This is "manufacturing" in a practical sense.

The fact that the goods are sewn together by others is not, in itself, determinative of the issue. One or

more persons can be engaged in the manufacturing of the same, single article: *Hazen Engineering Co. v. Pittsburgh*, 189 Pa. Superior Ct. 531, 151 A. 2d 855 (1959).

The judgment of the court below is affirmed.