Philadelphia School District, Appellant, *v.*
Parent Metal Products, Inc.

Argued November 15, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

reargument refused February 10, 1961.

*C. Brewster Rhoads,* with him *Edward B. Soken, Mercer D. Tate,* and *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Lloyd A. Good, Jr.,* with him *Roper & Caldwell,* for appellee.

Opinion by Mr. Justice Eagen, January 4, 1961:

Under the General Business Tax Act of May 23, 1949, P. L. 1669, 24 PS §584.1 et seq., the School District of the City of Philadelphia assessed taxes against Parent Metal Products, Inc., appellee, for the tax years 1954 through 1958, inclusive, upon the gross

receipts of the company realized from the sale and delivery of certain products to customers beyond the territory of the school district. Under said statute, receipts of goods so sold which are "of the taxpayer's own manufacture" are exempt from the levy and payment of the tax. (24 PS §584.1(5)(d)).

Parent Metal Products, Inc., appealed to the common pleas court of Philadelphia claiming that it was a "manufacturer" of the goods in question and, therefore, exempt from such taxation. Said court sustained this position and entered judgment in its favor. The School District appeals from that decision.

Is the appellee a "manufacturer" of the goods in question or is it a mere assembler? That is the narrow issue presented for our decision. Since the issue is before this Court on "broad certiorari", it is our responsibility to determine whether or not the findings of fact made by the lower court are sustained by competent evidence and, if so, did the court arrive at a legally correct conclusion: *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731 (1959).

The facts sustained by the record are these. The appellee designs, assembles and sells vocational shop equipment: work benches, tool racks, lockers, cabinets and desks. Appellee designs the equipment, makes samples thereof, breaks down the samples into component parts and prepares working drawings thereof. The parts are then ordered from independent contractors in bulk. It assembles the final product from the standard parts purchased from and supplied by others who do the entire manufacturing thereof. Parent Metal does not make a single part that goes into the products sold. However, it does cut, shear, drill, rivet, fasten and bolt the component parts as it fashions them into the finished equipment. This, in our opinion, is not manufacturing as contemplated by the statute and the lower court erred in so ruling.

The parts (themselves completed upon its receipt thereof) which appellee purchases are manufactured by others and are, as intended, components of work benches and the other vocational shop equipment. Appellee merely changes them from parts of benches or equipment into whole benches and similar equipment through the process of assembly or mechanical operation. This assembly process is not manufacturing. The fact that, in fitting together the integral parts, it is necessary to do some cutting, shearing or bolting does not make the act of assembling an act of manufacturing.

"Manufacturing" as used in a legislative enactment is given its ordinary and general meaning. It consists in the application of labor or skill to material whereby the original article is changed into a new, different and useful article: *Commonwealth v. Weiland Packing Company,* 292 Pa. 447, 449, 141 Atl. 148 (1928) ; *Pittsburgh v. Electric Welding Co.,* 394 Pa. 60, 145 A. 2d 528 (1958). Whether or not an article is a manufactured product depends upon whether or not it has gone through a substantial transformation in form, qualities and adaptability in use from the original material, so that a new article or creation has emerged: *General Foods Corp. v. Pittsburgh,* 383 Pa. 244, 118 A. 2d 572 (1955). If there is merely a superficial change in the original materials, without any substantial and well signalized transformation in form, qualities and adaptability in use, it is not a new article or new production: *Commonwealth v. Weiland,* supra; *Pittsburgh v. Electric Welding Co.,* supra.

The final piece of equipment which this company sells is but a product transformed from pre-fabricated units into an assembled whole. It is merely a combination of the parts fashioned together. From this superficial change, no new product emerges. The situation is analogous to that of a building contractor whose

materials are manufactured by others, a situation which this Court has held not to be that of a manufacturer. *Commonwealth v. Wark Co.*, 301 Pa. 150, 151 Atl. 786 (1930).

Our review of the lower court's opinion convinces us that its determination was directed solely to the question of whether or not the appellee was a manufacturer of the products in question. We have found that the court, in sustaining appellee's exception on this point, erred. However, in as much as the lower court expressly ruled on but one of the eight exceptions taken by appellee, and, sustaining it, sustained also the appeal itself—and in view of our holding that the evidence on that issue before the court did not justify such a ruling—we are obliged to remand this action to the lower court for it next to determine whether or not there is merit in any of the other seven exceptions filed by appellee. This, in all likelihood, will necessitate the adduction of further testimony. If so, that is no more than appellee's due.

The judgment is accordingly reversed and the record remanded to the court below with instructions to proceed in the direction and manner indicated.