Philadelphia School District *v.* American Leonic Manufacturing Co., Appellant.

Argued March 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*John T. Curtin,* for appellant.

*Joseph W. Marshall,* for appellee.

OPINION BY WRIGHT, J., April 15, 1965:

This is an appeal by American Leonic Manufacturing Company from an order of Court of Common Pleas No. 1 of Philadelphia County, which dismissed the Company's appeal from an assessment by the School District of Philadelphia of additional general business taxes for the years 1959, 1960, 1961, and 1963. The total amount involved, including interest and penalties, is $1,257.40. The pivotal issue is whether the process in which the Company engages constitutes manufacturing.

The Act of May 23, 1949, P. L. 1669, 24 P.S. 584.1 et seq., commonly known as the general business tax act, authorizes the imposition of an annual tax on the gross receipts of persons engaging in any business in the school district. Section 1(5)(d) excludes "the receipts or the portion thereof attributable to any sale

involving the bona fide delivery of goods, commodities, wares or merchandise of the taxpayer's own manufacture, growth or produce, to a location regularly maintained by the other party to the transaction outside the limits of such school district, and not for the purpose of evading or avoiding payment of the tax or any portion thereof imposed under this act". For the years 1959, 1960, 1961, and 1963, the Company filed returns and reported receipts from sales to customers in Philadelphia, but did not include the amount of sales made to customers outside of Philadelphia on the ground that such sales were of goods of its own manufacture. The Company did not claim the exemption for such outside sales in 1962, but subsequently applied for a refund. An audit conducted by a city revenue examiner resulted in the rejection of the refund for 1962, and additional assessments for the other years in question.

The proceeding was commenced in the court below on November 20, 1963, when the Company filed an appeal from and exceptions to the assessment, together with a praecipe for the issuance of a writ of certiorari to the school district. After the record had been returned, the matter was placed on the consolidated motion list. On January 29, 1964, Judge CHUDOFF continued the matter generally so that questions of fact could be resolved by depositions. On February 24, 1964, depositions were taken of Manuel Kalaminsky, the revenue examiner who conducted the audit, of Walter A. Koenig, plant manager for the appellant Company, and of Richard K. Hanak, a consulting metallurgical engineer. A number of photographs and other exhibits were offered in evidence at that time. The matter was then argued before Judge GLEESON, who dismissed the Company's exceptions. Our review is on broad certiorari and we may consider the record, including the testimony, to determine whether the find-

ings are supported by competent evidence and, if so, whether the court below arrived at a legally correct conclusion: *Philadelphia School District v. Parent Metal Products, Inc.*, 402 Pa. 361, 167 A. 2d 257.

In the *Parent Metal Products* case, just cited, the taxpayer claimed that it was a manufacturer and therefore exempt from taxation under this identical statute. In rejecting the taxpayer's claim, Mr. Justice EAGEN said: " 'Manufacturing' as used in a legislative enactment is given its ordinary and general meaning. It consists in the application of labor or skill to material whereby the original article is changed into a new, different and useful article . . . Whether or not an article is a manufactured product depends upon whether or not it has gone through a substantial transformation in form, qualities and adaptability in use from the original material, so that a new article or creation has emerged . . . If there is merely a superficial change in the original materials, without any substantial and well signalized transformation in form, qualities and adaptability in use, it is not a new article or new production". Where, as in the case at bar, the taxpayer is within the general language of a taxing statute, the provisions relied upon to establish a claimed exemption must be strictly construed: *Commonwealth v. Berlo Vending Co.*, 415 Pa. 101, 202 A. 2d 94; *Y.M.C.A. v. Reading*, 402 Pa. 592, 167 A. 2d 469. A claimant for a tax exemption has the burden of proving himself within the exemption provision: *University of Pittsburgh Tax Exemption Case*, 407 Pa. 416, 180 A. 2d 760.

Our examination of this record, including the testimony and exhibits, discloses that the business of the appellant Company is the production of "specialty wire". The Company normally purchases rods of heavy wire one-quarter inch in diameter which is then drawn through dies in order to convert it into thinner

wire. The customer indicates by specifications the type of wire desired, and the Company purchases rods having properties conforming to these specifications. The wire is cleaned through processes known as pickling, rinsing and neutralizing. It is sometimes treated by intense heat, or annealed, in order to meet the specifications of a customer. Although the wire produced by the Company is ultimately used in the manufacture, inter alia, of wire mesh, filter cloth, screens, and strainers, the Company itself does not make any of these finished products. The principal change made by the Company is in the size of the wire coming through the final die.

In brief, and at the risk of oversimplification, it may be said that the Company starts with wire and ends with wire. Cf. *Pittsburgh v. Electric Welding Co.*, 394 Pa. 60, 145 A. 2d 528. We agree with the court below "that the activities of the American Leonic Manufacturing Company do not fall within the manufacturing exemption".

Order affirmed.