Bindex Corporation, Appellant *v.* City of Pittsburgh, Appellee.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BAR-BIERI, sitting as a panel of three.

*Carl E. Glock, Jr.,* with him *Diane W. Perer* and *Kenneth K. Kilbert, Reed, Smith, Shaw & McClay,* for appellant.

*Grace S. Harris,* Assistant City Solicitor, with her *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 2, 1983:

Bindex Corporation appeals an order of the Court of Common Pleas of Allegheny County which directed that the company pay challenged business privilege taxes for the years 1976 through 1980. The legal issue to be resolved in the matter concerned whether the business operated by Bindex, a trade bindery, constituted manufacturing within the purview of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924. In a well-reasoned opinion, the common pleas court, per SILVESTRI, J., concluded that the modification in the size and fastening of the printed sheets which Bindex receives from printers is not a manufacturing pro-

cess. We affirm the said order on the able opinion of the trial court, published at      Pa. D. & C.3rd (1982).

ORDER

AND NOW, this 2nd day of June, 1983, the order of the Court of Common Pleas of Allegheny County docketed at No. SA 681-1981, dated July 7, 1982, is hereby affirmed.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I must respectfully dissent. The legal issue is indeed whether the business operated by Bindex, a trade bindery, constitutes manufacturing within the purview of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924. However, the common pleas court opinion, upon which the majority relies, has misapplied the cases defining the term.

Our Supreme Court, in *Philadelphia School District v. Parent Metal Products, Inc.,* 402 Pa. 361, 167 A.2d 257 (1961), defined manufacturing as the application of skill and labor to materials which result in a new, different and useful product. Bindex receives large flat sheets with a number of printed pages arranged on each side. In this arrangement, the pages are not in consecutive order. Bindex must fold the sheets, insert them in order, and then implement various binding processes. The finished product is obviously a new and different product than the large sheets and substantially more useful.

The common pleas court opinion points to the standard reiterated in *Pittsburgh v. Electric Welding Co.,* 394 Pa. 60, 145 A.2d 528 (1958):

If there is merely a superficial change in the original materials without any substantial and well signalized transformation in form, qualities and adaptability in use, it is not a new article or new production.

The common pleas court attempts to express its view of the reasons for the change in the materials, concluding that the result is merely superficial and unsubstantial. The argument is unconvincing. The original materials (the large flat sheets) do go through substantial change so as to create a new, different and useful product. Thus, I would hold Bindex's trade binding operation is manufacturing for the purposes of tax exemption under the Local Tax Enabling Act.