475 A.2d 1318

**Dorothy D. TUCKER, t/a Lynn Dohoney, Appellant,**

**v.**

**CITY OF PITTSBURGH, a municipal corporation and David L. Donahoe, Treasurer of the City of Pittsburgh, Appellees.**

Supreme Court of Pennsylvania.

Argued March 6, 1984.

Decided May 25, 1984.

Richard B. Tucker, III, Pittsburgh, for appellant.

D.R. Pellegrini, City Sol., Marvin E. Fein, Deputy City Sol., Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The issue in this appeal is the same as that presented in *Bindex Corp. v. City of Pittsburgh*, 504 Pa. 584, 475 A.2d 1320 (1984): whether appellant's activities as a commercial illustrator entitles her to an exemption from the City of

Pittsburgh's Business Privilege Tax.[1]  The facts of this case are set forth below.

Appellant, Dorothy D. Tucker, t/a Lynn Dohoney, was a self-employed commercial illustrator during the 1977 calendar year.  Appellant's work involved producing illustrations for a variety of clients, to be used by them for billboards, newspapers, advertising, etc.

In 1978, appellant claimed a manufacturing exemption for the Privilege Tax.  Pursuant to the Local Tax Enabling Act (LTEA),[2] local taxing authorities are prohibited from levying taxes on manufacturers.  See 53 Pa.C.S. § 6902(4).  The exemption claim was denied by the city, and following a Treasurer's Hearing the denial was affirmed.  Appellant subsequently appealed to the Court of Common Pleas of Allegheny County, which sustained her claim.  The Commonwealth Court reversed, holding that she was not a manufacturer.  Appellant herein petitioned this court for allowance of appeal and we granted allocatur.

Examination of the instant case reveals the following about appellant's activities as an illustrator.  Once a client was obtained, appellant artist would be given the concept the client wished to express.  Appellant would then filter the idea through her imagination, articulate it with her gift of sketch and color.  Appellant and client would then pore over the sketch, discuss changes, adding light or shade until what the client sought was manifest.  Appellant was equipped with papers, dyes, paints, spray varnish, all the paraphernalia required to give the imagination form and body.  When all the artistic touches were rendered, the appellant artist would deliver the illustration to the client for whatever uses suited their purpose.

As we noted in *Bindex, supra,* the task of defining "manufacturing" has been with us for over a century.  In

1.  Pittsburgh's Business Privilege Tax, City Ordinance No. 675 of 1968, as amended, imposes a five-mill-per-dollar tax on the gross receipts for the privilege of engaging in business within the city.

2.  Act of December 31, 1965, P.L. 1257, § 2 *as amended,* 53 Pa.C.S. § 6901 *et seq.*

*Norris Brothers v. Commonwealth,* 27 Pa. 494 (1856), this Court defined "manufacturing" as:

"It is making. It consists in giving new shapes, new qualities, or new combinations to matter which has already gone through some artificial process."

*Id.* at 496.

In *Philadelphia School District v. Rosenberg,* 402 Pa. 365, 167 A.2d 259 (1961), we added "that it is the popular or practical understanding of what is manufacturing that prevails and is intended." *Id.,* 402 Pa. at 368, 167 A.2d at 260. Utilizing these definitions "manufacturing" becomes the transformation of matter or a thing into something that it was not: giving it new shape and form, new qualities or new combinations of quality or usefulness. *See Golden Triangle, etc. v. City of Pittsburgh,* 483 Pa. 525, 529, 397 A.2d 1147, 1149 (1979).

Definitions must be considered in the light of the need that requires the definition. The need here is to distinguish for the purpose of taxation. "Manufacture" is excluded from the tax ostensibly to encourage it or because it is taxed otherwise. Therefore it must be different than mere transfer, barter, packaging or sale of a thing or the addition of a color or a ribbon. The process must alter or change the thing itself into something different, new and useful. As we said in *Commonwealth v. Berlo Vending Company,* 415 Pa. 101, 202 A.2d 94 (1964):

"It (manufacturing) consists in the application of labor or skill to material whereby the original article is changed into a new, different and useful article."

*Id.,* 415 Pa. at 104, 202 A.2d at 96 (citing *Philadelphia School District v. Parent Mental Products, Inc.,* 402 Pa. 361, 364, 167 A.2d 257, 258–259 (1961)).

While we hesitate to compare or draw an analogy to the instant case from *Berlo,* where we held that processing popcorn kernels into popped, edible, colored popcorn was not manufacturing, it proves a point. The instant case should also prove a point, both in kind and quality.

The appellant artist follows an intellectual, imaginative and creative process; she receives a thought and creates a picture; articulates by paint and varnish, an idea. As the Commonwealth Court said,

"It is the intellectual creative aspect of appellee's activities which are dominant."

*City of Pittsburgh v. Tucker*, 74 Pa.Cmwlth.Ct. 290, 295, 459 A.2d 1333, 1336 (1983). She creates what can be later made, what others can manufacture. She uses color and skill and hopefully adds to the pleasures of the world. In small recompense, she is not in the "popular or practical understanding" a "manufacturer" any more than one would say Michaelangelo "manufactured" *David* or Vergil the *Aeneid.*

The Commonwealth Court is affirmed.