553 A.2d 525

City of Williamsport and Williamsport Area School District, Appellants *v.* Sun-Gazette Company, Appellee.

Argued November 1, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Norman M. Lubin, Casale & Bonner, P.C.*, for appellant, City of Williamsport.

*Nathan W. Stuart*, for appellant, Williamsport Area School District.

*J. David Smith, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht*, for appellee.

*Christine Garvey DeLuce*, Associate Counsel, for Amicus Curiae, Pennsylvania Newspaper Publishers' Association.

OPINION BY JUDGE PALLADINO, February 3, 1989:

The City of Williamsport and Williamsport Area School District (collectively Appellants) appeal from an order of the court of Common Pleas of Lycoming County (trial court), which determined that the income Sun-Gazette Company (Appellee) derived from pre-printed advertising supplements is not subject to business privilege tax. For the reasons set forth below, we affirm.

The following facts are not in dispute: Appellee is in the business of printing and distributing a newspaper. Appellee receives revenue from advertisers who advertise in its newspaper through pre-printed advertising inserts. These advertising inserts are not printed by Appellee but by other printers at the advertiser's expense. Appellee uses special equipment to insert the pre-printed advertising inserts into its newspapers. Several

employees work exclusively on the task of inserting the inserts. Appellee then distributes the newspapers containing the pre-printed advertising inserts. The pre-printed advertising inserts are never distributed separate and apart from the newspapers into which they are inserted.

Pursuant to The Local Tax Enabling Act (LTEA),[1] Appellants, have enacted a business privilege tax ordinance[2] and a business privilege tax resolution.[3] Appellants seek to impose a business privilege tax on that portion of Appellee's revenues received from pre-printed advertising. However, the business privilege tax ordinance, the business privilege tax resolution and LTEA all prohibit Appellants from levying, assessing or collecting a business privilege tax upon goods that are manufactured or upon any privilege, act or transaction relating to the business of manufacturing.[4]

Appellants brought a declaratory judgment action seeking a declaration that they could levy, assess, and collect business privilege tax on the income Appellee

---

[1] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924.

[2] The City's Business Privilege Tax Ordinance imposes a 2 mill per dollar tax on the annual gross receipts of persons engaged in business in the City of Williamsport.

[3] The Williamsport Area School District Business Privilege Tax Resolution imposes a 1 mill per dollar tax on the annual gross receipts of persons engaged in business in the Williamsport Area School District.

[4] Section 2(4) of the LTEA, 53 P.S. §6902(4) provides in pertinent part:

[L]ocal authorities shall not have authority by virtue of this act:

. . . .

(4) To levy, assess and collect a tax on goods and articles manufactured in such political subdivision ... or on any privilege, act or transaction related to the business of manufacturing. . . .

derives from pre-printed advertising inserts. The trial court held that the revenues from the pre-printed advertising inserts were derived from manufacturing or were related to the business of manufacturing and that such revenues were thus exempted from business privilege tax.

The sole issue presented to us in this case is whether the revenue that a newspaper derives from pre-printed advertising supplements that are inserted into its newspapers should be exempted from business privilege tax under LTEA's manufacturing exemption. Appellants contend that the insertion of pre-printed advertising inserts into newspapers does not constitute manufacturing because there is no transformation of material or thing into something different from that received. Appellee contends that the printing of newspapers constitutes manufacturing and that the pre-printed advertising inserts are manufactured or related to the business of manufacturing because they are a component part of a manufactured product.[5]

LTEA does not define the term "manufacturing". However, "manufacturing" has been judicially defined as the application of skill, science and labor to produce a new, different and useful product. *See Van Bennett Food Co., Inc. v. City of Reading,* 87 Pa. Commonwealth Ct. 30, 486 A.2d 1025 (1985). Whether a particular activity constitutes manufacturing for purposes of the LTEA is a question of law. *City of Pittsburgh v. Tucker,* 74 Pa. Commonwealth Ct. 290, 459 A.2d 1333 (1983), *aff'd,* 504 Pa. 580, 475 A.2d 1318 (1984).

---

[5] The Pennsylvania Newspaper Publishers' Association has filed an amicus curiae brief in this case in accordance with Pa. R.A.P. 531. The Pennsylvania Newspaper Publishers' Association also argues that pre-printed advertising inserts should be exempted from business privilege tax as component parts of a manufactured product.

It is well established that the printing and circulation of a newspaper constitutes manufacturing. *City of Pittsburgh v. Pittsburgh Press Company,* 14 Pa. Commonwealth Ct. 551, 322 A.2d 390 (1974) *(citing Commonwealth v. J. B. Lippincott Co.,* 156 Pa. 513, 27 A. 10 (1893) and *Commonwealth v. Mann,* 150 Pa. 64, 24 A. 601 (1892)). It has also been held that the printing of advertisements on the pages of a newspaper constitutes manufacturing. *City of Pittsburgh v. Pittsburgh Press Company.*

Appellants do not dispute the fact that the printing and circulation of a newspaper constitutes manufacturing. Appellants merely contend that insertion and distribution of pre-printed advertising inserts does not constitute manufacturing. Appellants argue that Appellee fails to transform the pre-printed advertising supplements into a new product. Appellants argue that this case is similar to *Golden Triangle Broadcasting, Inc. v. City of Pittsburgh,* 483 Pa. 525, 397 A.2d 1147 (1979), in which the Pennsylvania Supreme Court held that the broadcasting of preproduced advertisements does not constitute manufacturing.

In analyzing the problem we recognize that the insertion of pre-printed advertising inserts is part of the larger process of manufacturing a newspaper. Recently, in *Laneco v. Commonwealth,* 103 Pa. Commonwealth Ct. 355, 520 A.2d 542 (1987), this court held that pre-printed advertising inserts are part and parcel of a newspaper for purposes of the periodicals and publications exclusion from sales and use tax. If a pre-printed advertising insert is a component part of a newspaper, then the insertion of pre-printed inserts is part of the process of manufacturing a newspaper. Appellee does not start with pre-printed inserts and end with pre-printed inserts. Appellee starts with paper, ink, pre-printed inserts, etc. and ends with a newspaper.

The fact that someone other than Appellee prints the inserts is not determinative. A manufacturer may manufacture a product out of component parts that are manufactured by others. For example, the binding of pre-printed pages into a book has been held to constitute manufacturing, even though the bookbinder does not print the pages. *See Bindex Corporation v. City of Pittsburgh,* 504 Pa. 584, 475 A.2d 1320 (1984). We believe that Appellee's operations are closer to those of a bookbinder than those of a broadcaster. Like a bookbinder, Appellee takes pre-printed pages and assembles them into a larger product.

Therefore, we conclude that the revenue Appellee derives from its pre-printed advertising inserts is exempted from business privilege tax. Accordingly, we affirm.

ORDER

AND NOW, February 3, 1989, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.