## FDR Publications v. City of Allentown

*William P. Bried,* for petitioner.
*Francis P. Burianek,* for respondent.

BACKENSTOE, *P.J.,* July 25, 1991—Before this court for disposition is the appeal of petitioner, FDR Publications Inc., from an assessment by the City of Allentown of the business privilege tax. Pursuant to Ordinance no. 11851 as amended by Ordinance no. 12429 enacted under the authority of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257,

section 2, 53 P.S. 6902, the City of Allentown can levy, assess and collect taxes upon persons, transactions, occupations, privileges, subjects and personal property. The city cannot, however, levy, assess and collect taxes on manufactured goods.

For the privilege of doing business in the City of Allentown, Ordinance 12429 establishes the following rates of taxation:

(1) One mill per thousand for wholesale business transactions;

(2) One and one-half mills per thousand for retail business transactions;

(3) Three mills per thousand for service and rental business transactions.

FDR, a Pennsylvania business corporation which has been doing business in Allentown since 1984, is classified as a service business and, thus, has paid the city business privilege tax at a rate of three mills per year since 1984. Since 1987, however, FDR has only paid the tax reluctantly and under protest contending that its business constitutes manufacturing and should therefore be exempt.

FDR prepares and publishes a customized quarterly newsletter which it sells to approximately 34-35 hospitals. The hospitals in turn distribute the newsletter to their client service base. The newsletter consists of health-related articles largely created and compiled by FDR. Some articles, however, are contributed by the client hospital. FDR's employees perform many activities and functions in producing the newsletter. These include the use and operation of approximately $60,000 worth of equipment and machinery including computers, software, a printer, film and cameras. Other activities consist, inter alia, of researching, writing and editing articles, as well as typesetting and proofreading the layouts. The development of the typesetting film and the actual

printing of the publication are, however, performed by independent contractors.

The issue presently before this court for disposition is whether FDR can be classified as a manufacturer and therefore be exempt from taxation under the Allentown Business Privilege Tax.

While the Local Tax Enabling Act, 53 P.S. §6902(4), tells us that local authorities do not have the authority to levy, assess and collect taxes on manufactured goods and articles, it does not unfortunately, define the term "manufacture." Manufacturing "has been judicially defined as the application of skill, science and labor to produce a new, different and useful product." *City of Williamsport v. Sun-Gazette Co.,* 123 Pa. Commw. 335, 338, 553 A.2d 525 (1989). The Pennsylvania Supreme Court in *Golden Triangle Broadcasting Inc. v. City of Pittsburgh,* 483 Pa. 525, 529, 397 A.2d 1147, 1149 (1979), relied on the following definition in its determination of the meaning of manufacturing:

"Whether or not an article is a manufactured product depends upon whether or not it has gone through a substantial transformation in form, qualities and adaptability in use from the original material, so that a new article or creation has emerged. *General Foods Corp. v. Pittsburgh,* 383 Pa. 244, 118 A.2d 572 (1955). If there is merely a superficial change in the original materials, without any substantial and well signalized transformation in form, qualities and adaptability in use, it is not a new article or new production. (citations omitted)" *Commonwealth v. Deitch Co.,* 449 Pa. 88, 93-94, 195 A.2d 834, 837 (1972) quoting *Commonwealth v. Berlo Vending Co.,* 415 Pa. 101, 104, 202 A.2d 94, 96 (1964).

Further, we note, "[t]he law of this Commonwealth has held, . . . that the printing and circulating of a newspaper constitutes manufacturing." *City*

*of Pittsburgh v. Pittsburgh Press Company,* 14 Pa.
Commw. 551, 554, 322 A.2d 390, 391 (1974); *Commonwealth v. J.B. Lippincott Co.,* 156 Pa. 513, 27 A.
10 (1893); *Commonwealth v. Mann Co.,* 150 Pa. 64,
24 A. 601 (1892). However, the lower court went on
to state in *Pittsburgh Press, supra,* at 557, 322 A.2d
at 392:

"In the final analysis, it is the printing process
itself, i.e., the combining of raw materials, ink and
paper, into something new (the newspaper) through
the use of labor, skill and machinery which basically
makes printing manufacturing."

In view of the fact that petitioner FDR utilizes an
independent contractor to perform the actual printing of the newsletter, we must deny petitioner's
appeal. After a review of a sampling of FDR's
newsletter, it is apparent to this court that it provides a professional and valuable service to its client
hospitals. Under the law, however, the service FDR
actually performs is not manufacturing. The manufacturing takes place when the ideas, articles and
layouts are actually put in print using the ink, paper
and machinery of the independent contractor. In
short, under the law, we cannot qualify the activities
of FDR preliminarily to the actual printing of the
newsletter to be considered manufacturing.

Accordingly, for all of the foregoing reasons, we
deny and dismiss FDR's tax assessment appeal.

## ORDER

Now, July 25, 1991, upon consideration of the
memoranda submitted by counsel, the applicable
legal authority and the reasons expressed in the
accompanying opinion, it is hereby ordered that the
petition of appeal from business privilege tax classification of FDR Publications Inc. is denied and
dismissed.