## OHIOPYLE PRINTS

v.

## UNIONTOWN AREA SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 14, 1995.

Decided June 27, 1995.

Reargument Denied Sept. 1, 1995.

Douglas S. Sepic, for appellant.

Eric Elia Bononi, for appellee.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Uniontown Area School District (District) appeals an order of the Court of Common Pleas of Fayette County, which denied the District's motion for post-trial relief and

---

**4.** We note that *Dunkle v. Food Service East, Inc.*, 400 Pa.Super. 58, 582 A.2d 1342 (1990) and *Leonard v. Latrobe Area Hospital*, 425 Pa.Super. 540, 625 A.2d 1228 (1993), cases cited by the trial court, are not controlling. *Dunkle* and *Leonard* both held that a therapist owes no duty to warn third parties of the violent propensities of his or her patient, where the victim is not specifically identified. The *Dunkle* and *Leonard* plaintiffs relied on a failure to warn theory and consequently issues arose relating to the confidential nature of the communications between patient and therapist. Here, appellant did not proceed under a failure to warn theory, but rather a negligence theory.

held that Ohiopyle Prints (Taxpayer) was exempt from the District's mercantile tax.

Taxpayer is a partnership, located in the District, engaged in the business of printing designs and wording on ready-made clothing, such as T-shirts, sweat shirts, and underwear, and then selling that merchandise to retailers. Taxpayer develops the artwork which, through the use of computers, is refined into screens and plates; the artwork is then printed on an article of ready-to-wear clothing. Taxpayer owns the items of clothing on which it prints its artwork.

Pursuant to The Local Tax Enabling Act (Act),[1] the District enacted a mercantile tax, effective on July 1, 1970, which provides in pertinent part as follows:

*Section 2. Levy and Collection of Tax.* Every person engaging in the following occupations or businesses in the School District shall, quarterly-annually, pay a mercantile tax for the School District's tax year:

(a) Wholesale vendors or dealers in goods, wares and merchandise, at the rate of one (1) mill on each dollar of the whole volume of business transacted.

(b) Retail dealers in goods, wares and merchandise and proprietors of restaurants and other places where food, drink and refreshments are served, at the rate of one and one-half (1½) mills on each dollar of the whole volume of business transacted.

. . . .

Taxpayer paid a total of $6,840.44 in mercantile taxes to the District for the years 1990, 1991, and 1992. However, on March 31, 1993, the Taxpayer filed a complaint against the District alleging that it was exempt from the mercantile tax and demanding a refund of the taxes it had previously paid. Taxpayer alleged that it was a garment manufacturer, not a retailer or wholesaler, and was, therefore, exempt from the mercantile tax. In the Taxpayer's view it is engaged in manufacturing, because it transforms unprinted garments into a new product by applying labor, skill and machinery to combine the garments with ink and other raw materials.

This case was initially referred to compulsory judicial arbitration and, after a hearing, the arbitrators returned a decision in favor of the District. Taxpayer, thereafter, appealed that decision to the trial court. After a trial de novo, the trial court determined that the Taxpayer was a manufacturer and, therefore, exempt from the mercantile tax. The trial court reasoned that Taxpayer's business was analogous to the printing of newspapers and advertisements, which has been held to constitute manufacturing. The District filed post-trial motions which were denied. This appeal followed.

On appeal, the District contends that the trial court erred in holding that Taxpayer is exempt from its mercantile tax on the ground that the printing of words and graphics on ready-to-wear clothing constitutes manufacturing.

■ Under Section 2 of the Act, a local agency does not have the authority to tax goods manufactured in its geographical area or to tax the transactions of businesses engaged in manufacturing. 53 P.S. § 6902(4). While there is no definition of manufacturing in the Act, manufacturing is generally defined as follows:

"[T]he application of labor skill to material whereby the original article is changed into a new, different and useful article.... Whether or not an article is a manufactured product depends on whether or not it has gone through a substantial transformation in form, qualities and adaptability in use from the original material, so that a new article has emerged.... *If there is merely a superficial change in the original materials, without any substantial and well signalized transformation in form, qualities and adaptability in use, it is not a new article or new product ...* [.]" (Emphasis added.)

*Bindex Corp. v. City of Pittsburgh,* 504 Pa. 584, 587, 475 A.2d 1320, 1322 (1984) (quoting *Philadelphia School District v. Parent Metal Products, Inc.,* 402 Pa. 361, 364, 167 A.2d 257, 258–59 (1961)). And, whether a specific activity constitutes manufacturing is a question of law to be resolved by the courts based

1. Act of December 31, 1965, P.L. 1257, *as* *amended,* 53 P.S. §§ 6901–6924.

on the specific facts of the case. *City of Pittsburgh v. Tucker,* 74 Pa.Commonwealth Ct. 290, 459 A.2d 1333 (1983), *affirmed,* 504 Pa. 580, 475 A.2d 1318 (1984).

The District argues that the Taxpayer's business is not manufacturing, because the Taxpayer's process of printing on ready-to-wear clothing does not create a substantially different product. In other words, Taxpayer starts with a T-shirt or sweatshirt and, after it is printed, the product remains a T-shirt or sweatshirt. On the other hand, Taxpayer argues that its printing process is analogous to the production of a newspaper, an activity that has been held to constitute manufacturing. *City of Pittsburgh v. Pittsburgh Press Co.,* 14 Pa.Commonwealth Ct. 551, 322 A.2d 390 (1974). Taxpayer asserts that it uses the same printing techniques and technology as a newspaper.

We agree with the District's argument and reject the Taxpayer's argument that its business is analogous to printing a newspaper. The instant case is similar to *Kimberton Co. v. Commonwealth,* 520 Pa. 238, 553 A.2d 934 (1989), which involved the manufacturing exemption from the Capital Stock Tax, Section 602(A) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7602(a). In *Kimberton,* the taxpayer was engaged in the business of producing and selling custom embroidery on sport shirts and other sportswear items. Kimberton's business involved receiving orders from customers, like country clubs, for insignia designs and, using embroidery machines, stitching the insignia on the clothing. The company sought an exemption from the capital stock tax alleging that its embroidery constituted manufacturing. The Board of Finance and Revenue denied Kimberton an exemption from the tax and that decision was affirmed by this Court. Kimberton appealed to our Supreme Court, which affirmed this Court's judgment. The Supreme Court recognized that manufacturing requires more than a superficial change in the original material and that a mere cosmetic change in the material is not manufacturing. The court reasoned as follows:

> Fundamentally, the change which Kimberton makes to its clothing is cosmetic and it is not, therefore, "substantial" within the requirements of the capital stock tax. *Were we to hold otherwise, any industry which effects an aesthetic change, such as adding a coat of paint to a ready made article, would qualify as a manufacturer.*

*Kimberton,* 520 Pa. at 242–43, 553 A.2d at 936 (emphasis added).

In our view, Taxpayer, like the business in *Kimberton,* is simply making a superficial, cosmetic change to an item of clothing. Taxpayer starts with a T-shirt or other type of ready made clothing and, after printing a design on the item, ends up with the same article of clothing. The clothing has an altered appearance, but there is no change at all in the use; the T-shirts or sweatshirts are worn in the same manner and provide the same protection from the elements. Hence, after Taxpayer engages in its printing process, there is no substantial transformation in form, qualities, or use from the original, unprinted garment.

Furthermore, in our view, Taxpayer's business is distinguishable from the printing of a newspaper. While Taxpayer and a newspaper may use similar printing techniques and technology, the end products are dramatically different. When a newspaper is printed, paper and ink are radically transformed into a device for the communication and storage of information, opinions, and advertising. The consumer who purchases a newspaper is not merely buying paper and ink, but is purchasing a product that will provide him or her with access to information. Taxpayer's printing process on the other hand, simply converts an undecorated garment into a decorated garment, without any change in use at all.

Therefore, following *Kimberton,* we hold that Taxpayer's business does not involve manufacturing and that it is not entitled to an exemption from the District's mercantile tax. Accordingly, the order of the trial court is reversed.

### ORDER

NOW, June 27, 1995, the order of the Court of Common Pleas of Fayette County in

the above-captioned matter is hereby reversed.