**MAR-PAT CO., INC., a Pennsylvania Corporation,**

v.

**The CITY OF ALLENTOWN, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.
Decided Jan. 7, 1997.

---

Patricia A. Siemiontknowski, Assistant City Solicitor, Allentown, for appellant.

Steven A. Bergstein, Allentown, for appellee.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

SMITH, Judge.

The City of Allentown (City) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) reversing the determination of the City's Department of Administration and Finance that Mar–Pat Co., Inc. (Mar–Pat) is a wholesaler for business privilege tax purposes. The questions presented are whether Mar–Pat is a manufacturer entitled to an exemption from business privilege tax; whether Mar–Pat is exempt from the payment of business privilege tax as a processor of by-products of manufacture; and, whether the City is precluded from imposing a business privilege tax on Mar–Pat for a period greater than five years.

Mar-Pat is a Pennsylvania corporation with its principal place of business located in Allentown. Mar–Pat purchases odd lots and odd pieces of poor quality cardboard from cardboard manufacturers and then scores, stamps, cuts and folds those pieces of cardboard to make shirt boards, collar supports, ribbon reel covers, hosiery packaging inserts and other similar items. It then sells these items to manufacturers of shirts, blouses, hosiery and other products to be used in packaging. Mar–Pat is classified as a manufacturer by the Bureau of Corporate Taxes of the Department of Revenue and by the Workers' Compensation Rating Bureau.

On December 15, 1990, the City enacted Ordinance No. 11851, codified as Ordinance 333, establishing a business privilege tax pursuant to Section 2(4) of the Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. § 6902(4). Ordinance Section 333.03(a) imposes a tax from one to three mills on each dollar volume of a business' gross receipts based upon the business' classification as a retail, wholesale, service or rental operation. According to Section 333.03(c)(5) of the Ordinance and Section 2(4) of the Local Tax Enabling Act, a

tax may not be imposed on a manufacturer or on the by-products of manufacturing. The Ordinance does not require those excluded from the tax to file a return, and Mar–Pat did not file an informational return or declaration with the City from 1971 through 1990.

In 1991, the City promulgated Business Privilege Tax Regulations. Section 201(f) of the Business Privilege Tax Regulations provides that "[a] taxpayer who believes that his/her business activities are exempt or excluded from the Business Privilege Tax must nevertheless file a return ... which show[s] clearly the basis for filing a 'no tax due' return." Section 603 of the Business Privilege Tax Regulations establishes a five-year period of limitation for tax collection suits; however, where a fraudulent return or no return is filed, there is no period of limitation.

Subsequent to the enactment of the Ordinance, Mar–Pat responded to a questionnaire that was circulated to all businesses located within the City, requesting that each business identify itself as a wholesale, retail, service or manufacturing operation. Mar–Pat classified itself as a manufacturer. Mar–Pat was selected for an audit in May 1991 pursuant to the city-wide audit program instituted in 1988 by the City's Department of Administration and Finance. The City initially determined that Mar–Pat was a retail business and assessed a tax of $40,959.84, which included related license fees, interest and penalties for tax years 1971–1972 through 1990–1991. Thereafter, the City reclassified Mar–Pat as a wholesaler and assessed a tax of $27,833.80.

■ Mar-Pat filed a petition to review the City's audit assessment, claiming that it was a manufacturer. The trial court determined that Mar–Pat was engaged in the business of manufacturing and was exempt from the business privilege tax. The City appealed. This Court's scope of review in a tax assessment case where the trial court takes [ ] additional evidence is limited to determining whether the trial court's [decision is] supported by substantial evidence [or whether the trial court abused its discretion or committed an error of law. *Westinghouse Elec-*

*tric Corp. v. Board of Property Assessment Appeals and Review of Allegheny County,* 539 Pa. 453, 652 A.2d 1306 (1995).]

■ The Act and the Ordinance do not provide a definition for manufacturing. In *Philadelphia School Dist. v. Parent Metal Products, Inc.,* 402 Pa. 361, 364, 167 A.2d 257, 258–259 (1961), the Supreme Court defined manufacturing as:

the application of labor or skill to material whereby the original article is changed into a new, different and useful article. Whether or not an article is a manufactured product depends upon whether or not it has gone through a substantial transformation in form, qualities and adaptability in use from the original material, so that a new article or creation has emerged. If there is merely a superficial change in the original materials, without any substantial and well-signalized transformation in form, qualities and adaptability in use, it is not a new article or new production. (Citations omitted.)

The courts have consistently applied this definition when determining whether an activity constitutes manufacturing. *See Bindex Corp. v. City of Pittsburgh,* 504 Pa. 584, 475 A.2d 1320 (1984); *Township of Muhlenberg v. Clover Farms Dairy Co.,* 665 A.2d 544 (Pa.Cmwlth.1995), *appeal denied,* 544 Pa. 677, 678 A.2d 367 (1996). Whether a specific activity is manufacturing is a question of law to be resolved by the courts on a case-by-case basis. *Ohiopyle Prints v. Uniontown Area School Dist.,* 662 A.2d 672 (Pa.Cmwlth. 1995), *appeal denied,* 544 Pa. 639, 675 A.2d 1254 (1996).

■ The City first contends that Mar–Pat's operations do not fall within the manufacturing exception contained in the Act. The City asserts that Mar–Pat simply cuts the cardboard into smaller pieces to be used for packaging and that the transformation is merely superficial because the end result is that the cardboard remains unchanged. Citing to *Commonwealth v. Deitch Co.,* 449 Pa. 88, 295 A.2d 834 (1972), the City maintains that a "substantial transformation" is not merely a reduction in size. Mar–Pat, however, asserts that it falls within the manufactur-

ing exception because it uses labor in conjunction with skill and extensive machinery to produce a different product with a new identity.

The trial court observed that the present case is analogous to *Bindex*. In *Bindex*, this Court held that the taxpayer applied skill, knowledge and labor in order to fold and bind printed pages together to form a book, which was found to be a new and useful article. *See also School Dist. of Philadelphia v. Rosenberg*, 402 Pa. 365, 167 A.2d 259 (1961) (a company that designs patterns, cuts material and arranges that material into garments to be assembled by another entity is engaged in manufacturing). Similarly, through its skill, knowledge and labor, Mar–Pat scores, stamps, cuts and folds large pieces of cardboard in order to make new and useful items such as shirt boards, collar supports, ribbon reel covers and hosiery packaging inserts.

In contrast, this Court recently held in *Ohiopyle Prints* that a taxpayer who printed artwork on ready-made clothing was not entitled to a manufacturing exemption from a mercantile tax. The Court observed that the "[t]axpayer starts with a T-shirt or other type of ready made clothing and, after printing a design on the item, ends up with the same article of clothing. The clothing has an altered appearance, but there is no change at all in the use...." *Ohiopyle*, 662 A.2d at 674.

The present case is distinguishable from *Ohiopyle* because Mar–Pat begins with large sheets of cardboard, and after it scores, stamps, cuts and folds the cardboard, it ends up with a new article to be used for packaging. Because Mar–Pat does not start and end with the same product, Mar–Pat is a manufacturer. Having concluded that Mar–Pat is entitled to the manufacturing exemption, this Court need not address whether Mar–Pat is exempt from payment of the business privilege tax as a processor of by-products of manufacture.

The City also asserts that the Local Tax Enabling Act and the Business Privilege Tax Regulations, which interpret the Ordinance, specifically place no limitation on the collection of delinquent business privilege tax

when no declaration or return has been filed. Here, Mar–Pat responded to the City's questionnaire following the enactment of the Ordinance and claimed the manufacturing exemption. The Ordinance did not require that manufacturers file an informational return or declaration, and Mar–Pat did not file such a return. The City, nevertheless, maintains that the fact that Mar–Pat erroneously classified itself as a manufacturer and elected not to file returns from 1970 through 1990 with the City cannot be held against the City and that any alleged prejudice suffered by Mar–Pat was clearly the result of its own actions and not the result of the City's lack of due diligence.

■■■ The doctrine of laches is applicable where a party exhibits a lack of due diligence in instituting a claim that results in harm to the adverse party. *Rebottini v. State Ethics Commission*, 160 Pa.Cmwlth. 157, 634 A.2d 743 (1993), *appeal denied*, 539 Pa. 682, 652 A.2d 1327 (1994). The question of laches involves a factual determination. *Weinberg v. Commonwealth, State Board of Examiners of Public Accountants*, 509 Pa. 143, 501 A.2d 239 (1985). In the case sub judice, the City did not exercise due diligence in instituting its claim against Mar–Pat.

Mar-Pat submitted a questionnaire in response to the City's request that it classify itself for business privilege tax purposes. Because the Ordinance did not require that self-assessed manufacturers file a business privilege tax return, it was reasonable for Mar–Pat to believe that its activities were excluded from the Ordinance's coverage and that only those businesses covered by the Ordinance were required to file a return prior to the enactment of the Business Privilege Tax Regulations. Moreover, Mar–Pat's activities are classified as manufacturing for capital stock and workers' compensation purposes. The City did not audit Mar–Pat until 1991 and therefore exhibited a lack of due diligence in instituting a claim that prejudiced Mar–Pat. Nevertheless, because Mar–Pat is, in fact, a manufacturer and exempt from payment of the business privilege tax, the doctrine of laches is not controlling. The order of the trial court is affirmed.

## ORDER

AND NOW, this 7th day of January, 1997, the order of the Court of Common Pleas of Lehigh County is affirmed.