J-A15046-14

2014 PA Super 235

| THE VINCENT J. FUMO IRREVOCABLE CHILDREN'S TRUST FOR THE BENEFIT OF ALLISON FUMO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: VINCENT J. FUMO | No. 2459 EDA 2013 |

Appeal from the Decree August 1, 2013
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): 1557(IV) of 2012

BEFORE: PANELLA, J. LAZARUS, J. and JENKINS, JJ.

DISSENTING OPINION BY PANELLA, J.          **FILED OCTOBER 17, 2014**

I respectfully dissent from my esteemed colleagues in the Majority. I would reverse the decree entered by the orphans' court on August 1, 2013, as it relates to the declaration of the Vincent J. Fumo's (Settlor) appointment of successor trustee, Anthony Repici, D.O., as null and void.

Our courts have long recognized a trust as a "fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person." *In re Estate of Warden*, 2 A.3d 565, 572 (Pa. Super. 2010) (citations omitted). "The touchstone in construing a trust is the settlor's intent; the language of the trust deed itself is the best and controlling evidence of such intent." *In re Estate of Devine*, 910 A.2d 699, 703 (Pa. Super. 2006) (citation omitted). We are compelled to ascertain

Settlor's intent at the time of the Trust's creation as it is paramount to our interpretation of the trust, particularly the provisions related to the appointment of successor trustees.

The Trust contains definitive provisions regarding its trustees. **See** The Vincent J. Fumo Irrevocable Children's Trust Agreement ("Trust"), 6/23/06, at <u>FOURTEENTH</u>. The Trust appointed Rosanne Pauciello as the original trustee and names Mitchell Rubin as successor trustee. **See id**., at <u>FOURTEENTH</u> ¶ B. The language is clear:

> [I]f neither ROSEANNE PAUCIELLO nor MITCHELL RUBIN shall be able and willing to serve as Trustee of any Trust hereunder at any time, he or she shall be succeeded by such one or more individuals, or such series of one or more individuals, to serve as Trustees in consecutive order, as the last of them to serve shall designate in his or her Will or other written instrument delivered to the Settlor, if he is then living, or if he is not, to the adult beneficiary or beneficiaries of the Trusts hereunder.

**Id**.

The Trust further defines Settlor's intent should a trustee fail to designate a successor trustee:

> If such Trustee fails so to designate a successor for a period of sixty (60) days following their inability or unwillingness to serve, or if all of their designees die, resign or are unable to serve, *the vacancy may be filled by such individual or individuals as may be designated by the Settlor, if he is then living…*

**Id**. (emphasis added).

The Majority, relying on the orphans' court findings based solely upon Settlor's Son's, Vincent E. Fumo, testimony, states that "in an e-mail dated September 8, 2011, Pauciello notified Cosanzo, then president of the FFLP,

that she was resigning as trustee." Majority Opinion at 10. That e-mail stated that Pauciello tendered her resignation, "effective immediately." Petitioner's Exhibit AF-4. Under the terms of the Trust, Mitchell Rubin then became the successor trustee by default on that same date. Mitchell Rubin was unwilling to serve, but did not renounce his appointment until October 14, 2011. *See* Renunciation by Successor Trustee, 10/14/11, Petitioner's Exhibit AF-8. Under the Trust provisions previously cited, Rubin had sixty days to exercise his power to appoint a new trustee. He did not exercise this power and sixty days elapsed thereby transferring to Settlor, the ability to fill the vacancy with a successor of his choice. Thus, it is evident that Roseanne Pauciello acted beyond the scope of her authority in appointing a successor trustee, namely Samuel Bennett, on December 28, 2012. On this basis alone, I would agree with the orphans' court and the Majority that Samuel Bennett's appointment is a nullity. As a corollary thereto, I would find Samuel Bennett's appointment of Anthony Repici, D.O., as successor trustee a nullity.

However, on June 19, 2013, Settlor, as ratified by the express terms of the Trust, designated Anthony Repici to serve as trustee of the Trust, effective immediately. *See* Settlor's Contingent Designation of Successor Trustee for the Trust Established For the Benefit of Allison Fumo pursuant to The Vincent J. Fumo Irrevocable Children's Trust Agreement.

> NOW THEREFORE, should a challenge be raised as to Mr. Bennett's authority to designate a successor Trustee, or should the Court otherwise determine that Mr. Bennett was not

authorized to designate a successor Trustee, or should Mr. Bennett's designation of Dr. Repici fail for any other reason, pursuant to the powers granted to me as Settlor under the Trust Agreement, on this 19th day of June, 2013, I do hereby designate Dr. Anthony Repici as Trustee of the Trust, effective immediately.

*Id*. Accordingly, Dr. Repici was properly appointed by Settlor, as successor trustee of the Trust effective June 19, 2013.

At the time the orphans' court entered its decree, there were only two petitions before it: Daughter's Petition for Termination of Trust, or in the Alternative, Appointment of a Successor Trustee, filed on October 26, 2012 and an amended Petition filed on October 31, 2012. Both petitions were filed during the period of time the Trust was without an appointed trustee. Daughter never filed an amended petition seeking to invalidate Samuel Bennett's appointment as trustee, nor did she petition the orphans' court for the removal of Dr. Repici.

The orphans' court has the authority to govern the administration of trusts. Under this authority, the orphans' court may remove a trustee. The removal of a trustee, however, is a drastic action, and should not be undertaken at the mere whim of a beneficiary. **See In re White**, 506 Pa. 218, 223, 484 A.2d 763, 765 (1984); **In re Barnes Estate**, 339 Pa. 88, 95, 14 A.2d 274, 277 (1970). Rather, "because of the discretion normally granted to a trustee, the settlor's confidence in the judgment of the particular person whom the settlor selected to act as trustee is entitled to considerable weight." **In re McKinney**, 67 A.3d 824, 835 (Pa. Super. 2013) (citation omitted). Our courts have long required that some substantial

reason must be shown before that special confidence is usurped and a fiduciary is replaced. **_See In re Barnes Estate_**, 339 Pa., at 94, 14 A.2d at 277.

In support of its decision to take drastic action in removing Dr. Repici, the orphans' court relies upon the no-fault provision for removal prescribed in the Uniform Trust Code, 20 PA.CONS.STAT.ANN. § 7766(b)(4). While I agree that under § 7766(a) a "trustee may be removed by the court on its own initiative," that section sets forth precise requirements which must be met by clear and convincing evidence. **_In re McKinney_**, 67 A.3d at 830. Under the express provisions of the statute, Daughter must present clear and convincing evidence for the orphans' court to find that (1) removal of the trustee best serves the interests of the beneficiaries of the trust; (2) removal is not inconsistent with the material purpose of the trust; (3) a suitable co-trustee or successor trustee is available; and (4) there has been a substantial change of circumstances. **_See_** 20 PA.CONS.STAT.ANN. § 7766(b)(4). Daughter unquestionably failed to meet these requirements.

The language of the Uniform Law Comment to § 7766 is telling of our legislature's intent in crafting the requirement that, prior to removal, Daughter must establish that removal best serves the interests of the beneficiaries of the trust. The Comment defines "the term 'interests of the beneficiaries'" as "mean[ing] the beneficial interests as provided in the terms of the trust not as defined by the beneficiaries." 20 PA.CONS.STAT.ANN. § 7766(b), _Comment_. While Daughter maintains that her beneficial interests of

the Trust are being compromised due to bad investments and mismanagement of the funds of the Trust, she has not shown any actions on the part of Dr. Repici, in his capacity as trustee, exercised in contravention of the beneficial interests of the Trust.

The provisions of the Trust clearly outline the expansive "Powers of Trustees" in exercising their fiduciary duties. ***See*** Trust, at <u>SIXTH</u>. Of particular relevance are the following provisions:

<u>SIXTH</u>: Trustees shall have the following powers…

A. [t]o make investments (including without limitation, investments in the common trust funds maintained by any corporate fiduciary acting hereunder)…

B. To sell, pledge, mortgage, lease without limit of time, or exchange any assets, to themselves or to others, on such terms and conditions as they made decide.

C. To purchase, grant, sell or exchange options for the acquisition or transfer of any assets, including securities for such periods of time and on such other terms and conditions as they may decide.

D. In dealing with any proprietorship, partnership interest, stock of any closely held corporation, or any other business or professional interest which may be held hereunder….

(6) Borrow money from the banking department of any corporate fiduciary that may serve hereunder….

(7) Make additional investments in or advances to the business if they consider such action to be in the best interests of any trust hereunder and the beneficiaries of any trust hereunder…

…

G. *To borrow money, from themselves or from others, for any purpose which they consider to be for the benefit of the*

> *trusts, and to mortgage or pledge assets held thereunder to secure the repayment thereof.*

Trust, at <u>SIXTH</u>, ¶¶ A, B, C, D, G (emphasis added).

Again, while Daughter may disagree with how the Trust is being funded and managed, the language of the Trust clearly empowers the acting trustee to manage the funds in any way he or she may deem fit as long as the beneficial interests of the trust are not being compromised. The record is is uncontradicted that Dr. Repici is more than just a physician. Additionally, the record does not support the finding that he is an "alter ego" for Settlor as the orphans' court and Majority characterize him. Majority Opinion at 22. Settlor, as father of the beneficiaries, entrusted his long-time family friend to carry out the beneficial interests of the Trust. Dr. Repici has a background in business studies, in addition to the practice of medicine. More importantly, Dr. Repici has personal knowledge of the Trust and the beneficiary's financial situation. Without any evidence that Dr. Repici, in his capacity as trustee, acted outside his scope of authority, removal is simply not warranted due to the weight to be given to the settlor's intent.

Likewise, Daughter has failed to establish that removal of Dr. Repici is inconsistent with the material purpose of the Trust. The patently expressed purpose of the Trust is defined in Section THIRD, Paragraph A (1) as follows:

> (1) Trustees shall distribute to the Beneficiary so much of the net income and principal as the Trustees deem necessary for the Beneficiary's health, maintenance, support and education, or for the education of the Beneficiary's Issue, after first taking into account any other income and resources of the Beneficiary. Any income not so expended shall be accumulated and added to the principal.

Trust, at <u>THIRD</u>, ¶ A. (1).

Settlor's intent is clear. The Trust was created to provide for the "health, maintenance, support and education" of Daughter prior to the attainment of the age of forty. *Id*., at ¶ A. (2). After attaining the age of forty, Daughter may withdraw the entire balance of undistributed income and principal at any time upon written request. *See id*. Daughter has not attained the age of forty thus requiring a trustee to administer the Trust. Daughter's health, maintenance, support and educational needs are evidently being suitably met by the Trust. To seek Dr. Repici's removal as trustee without illustrating any actions on his part inconsistent with the material purpose of the Trust constitutes a disregard for the Settlor's intent in favor of the whims of the beneficiary.

While I would agree that Sylvia DiBona may be a suitable successor trustee based upon her professional background and experience, removal of Dr. Repici is not warranted here even if the orphans' court determined there to be a "substantial change in circumstances" under § 7766(b)(4).